Argued April 28, affirmed May 23, reconsideration denied June 22, petition for review denied July 26, 1977

In the Matter of the Marriage of
STARIN, *Respondent,*
*and*
STARIN, *Appellant.*
(No. 349 487, CA 7056)
564 P2d 748

Margaretta Eakin, Portland, argued the cause and filed the briefs for appellant.

Douglas M. Fellows, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The father appeals the denial of his motion for a change of custody of the parties' minor child. The trial court rested its decision on two grounds: (1) insufficient evidence of a substantial change of circumstances, and (2) that the best interests of the child would be served by the mother retaining legal and physical custody. Although there was a change of conditions, we agree that the child's best interests dictate continued custody by the mother.

■ Here as in many child custody cases determination of which parent is preferable as the custodial parent turns on factual issues where observation of witnesses is critical to resolution. In part we are confronted with contradictory testimony of witnesses of each of the parties. There is nothing in the testimony of any of these witnesses that is inherently improbable, nor is there any other evidence in the record of probative value that would confirm or deny the truth or falsity of the witnesses' statements. In addition, in determining the preferable parent, the judge had to analyze the testimony of the parents and others, including testimony of an uncontradicted nature, and make a delicate appraisal of personality and character. Appellant asks that we review the cold record and substitute our judgment for the trial court's in resolving these factual issues. Because of its opportunity to observe the witnesses, the trial court is in a superior position to make a wise resolution. While we review de novo, substantial weight is afforded the trial court on factual issues of the nature presented here. In *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), we stated:

"* * * [W]eight should be afforded to the trial court's findings any time the opportunity to see and hear witnesses is important. The amount of weight depends on the degree of importance. * * *

"* * * [T]here are many situations where observing the witness may be vitally important although there is neither conflict in the testimony nor any substantial

[ 559 ]

question of truth or falsity. This is particularly pertinent in domestic relations cases where delicate human relationships are at stake. The witnesses' sincerity, conviction, self-reliance or discipline, temperament, and other personality traits may be the pivotal concern. * * *"

*See also Rea v. Rea,* 195 Or 252, 261, 245 P2d 884, 35 ALR2d 612 (1952); *State ex rel Juv. Dept. v. H.,* 28 Or App 75, 558 P2d 856, Sup Ct *review denied* (1977).

■ To overcome the weight afforded the trial court in factual questions of this nature, appellant must persuade us from the cold record that a mistake was made. A typewritten transcript is a relatively unreliable and imperceptive device for determining witness' credibility, personality and character, and a poor substitute for seeing and hearing the witnesses. We are reluctant to reweigh testimony of the nature presented here without some evidence that the trial court's observations were manifestly mistaken. We find no such evidence here.

Affirmed.