Argued April 28, affirmed as modified June 6, 1977

In the Matter of the Marriage of
TUMA, *Appellant,*
*and*
TUMA, *Respondent.*
(No. 47168, CA 6974)
564 P2d 1364

J. W. Walton, Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, P.C., Corvallis.

Larry T. Coady, Oregon Legal Services Corporation, Albany, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this dissolution-of-marriage proceeding, husband appeals from the trial court's decree awarding custody of the parties' three-year-old son to wife.

Husband, aged 25, is employed by a lumber mill and works a 7 a.m. to 3:30 p.m. shift. Husband planned that, upon an award of custody, he would leave the child at his parents' house while he was at work. His parents live nearby and expressed a willingness to care for the child. Wife, aged 24, attends a community college for three hours each morning and works several hours each afternoon as a typist. While she is at college or work, she leaves the child with a day-care center at the college.

Every witness who testified on the matter, including those offered by wife, concluded that husband is a fit and loving parent. A family friend testified that husband and the child are "really good friends and have a lot of fun, real buddies," and "[husband]" is always grabbing his boy and playing with him and they have a lot of fun." Husband does not drink or use drugs and in the words of the same friend:

"* * * [H]e's a quiet man and he's a—he's never let me down as a friend. He's always been faithful * * * and [has] just been a real fine character and even better lately. I think Ernie has grown closer to the Lord and to being a real good Christian. He's a good man."

We find nothing in the record about husband's character which would give us pause in awarding custody to him.

Wife, on the other hand, engages in a number of activities which may well be deleterious to the child. Wife is more than a casual drinker, and every witness save one testified to having seen wife intoxicated. One witness, who had some training in alcoholic rehabilitation treatment, testified that wife showed a predisposition to alcoholism. Wife has occasionally driven the family car with the child in it while she was intoxicated and during the marriage would frequent taverns

several evenings a week, returning in the early morning hours or later.

During the marriage wife made frequent use of marijuana and, by her own admission, at the time of the hearing had marijuana plants growing in her home.[1] On several occasions wife held lighted marijuana cigarettes to the mouth of the child. Wife is also an occasional user of amphetamines and in one instance left amphetamine tablets in her purse where they were accessible to her son.

Wife is apparently short-tempered and is easily angered by some actions of the child. One mode of discipline she has employed in the past is to swear at the child and slap him in the face.

During the marriage wife spent periods of time as long as several days away from the home, sometimes without telling husband what, if any, arrangements she had made for care of the child.

Wife offered two witnesses, her mother and a family friend, both of whom concluded that wife was a good mother and had a good relationship with the child.

We have recited the evidence in detail only because we are left with the firm conclusion that the trial court's decree should be modified. *See Sarty v. Forney,* 12 Or App 251, 506 P2d 535 (1973). Every witness who testified concluded that husband would be a fit and proper custodial parent, and no witness testified to any habits or traits of husband which would interfere with his role as custodial parent. Nearly every witness who testified, including one offered by wife, testified to incidents that indicate that wife's character is not at this time as well suited as husband's to being a custodial parent. The trial judge's concern about wife's fitness as a custodial parent is set forth in his

---

[1] Under ORS 167.207(1) cultivating marijuana plants is a felony.

discussion of his decision to award wife custody of the child:

"* * * The next problem is—well, this custody business. Now, admittedly she uses alcohol and there is some dispute as to whether she gets intoxicated. I'm sure she has been or there wouldn't be these witnesses saying that that had happened. Admittedly she's been using marihuana and admittedly she's growing it, that, young lady, is enough to put you in the penitentiary for ten years. Did you know that?

"THE RESPONDENT: No.

"THE COURT: Well, that's exactly right. Using it is bad enough but if you are growing it you're cultivating marihuana and under the present law that is punishable by up to ten years in the penitentiary and we get case after case of it. * * *"

Given the provisions of ORS 107.137(3),[2] we see no basis for not awarding custody of the child to his father. Accordingly, the decree is modified to award custody of the child to husband.

Affirmed as modified. No costs to either party.

_____

[2] ORS 107.137(3) provides:

"No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."