In the Matter of the Dissolution of the Marriage of
FRASER, *Respondent,*
*and*
FRASER, *Appellant.*
(No. 95646, CA 8445)

569 P2d 24

Mary Dahlgren, Marion-Polk Legal Aid Service, Inc., Salem, argued the cause and filed the brief for appellant.

Keith D. Evans, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Wife appeals from a decree of dissolution of marriage, contending that the court's award of child support is inadequate, that she should have been awarded spousal support and that she should receive a greater share of the marital assets.

Husband, aged 46, and wife, aged 39, were married for 20 years. Four children were born to the marriage and two, aged 10 and 9, are not yet emancipated. Husband earns his livelihood "setting up" mobile homes and earned a gross amount of $10,886.75 in 1976. Husband's income fluctuates greatly from month to month; in June 1976 he earned $1,544 while in October 1976 he earned $116.25. Wife worked sporadically during the marriage in a cannery and as a waitress and bartender. Wife suffers from a wrist condition for which surgery is planned; there is no evidence that wife's employability will be impaired following the operation on her wrist. The parties' principal asset is the family house which has a value of $20,000 but is subject to an $8,000 mortgage. The parties do not have substantial personal property and owe $2,265.49 to various creditors.

The decree awarded wife custody of the children and ordered husband to pay $75 per month per child in support. The decree made no provision for spousal support. The decree ordered husband to pay $2,104.64 of the family debts and awarded each party an undivided one-half interest in the family house as tenants in common with the provision that wife be allowed to reside in the house as long as any minor child resides with her. The decree requires each party to pay one-half of any property taxes assessed against the house and requires wife to make all forthcoming mortgage payments.

Wife contends first that the child support ordered by the court is inadequate. In the absence of any particularized evidence as to the needs of the children

or as to wife's expenditures in supporting them since the parties separated, it is difficult to determine at what level child support should be set. However, in light of husband's income, we believe support payments of $100 per month per child are more appropriate than those provided by the decree. While such a change in the court's decree might appear minimal to those in an economic bracket higher than the parties here, a one-third change in the amount of child support is in fact substantial—particularly when what many would consider a *de minimis* amount of increase represents such a large percentage of the total amount available for support of the children.

■ Wife next contends that she should be awarded the family house. Considering the duration of the marriage, the disparity of the incomes of husband and wife and the possibility that the court's decree might result in continued entanglement of the parties' financial affairs, *see Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977), we conclude that the house should be awarded wife free from any interest in husband.

■ Lastly, wife contends that she should be awarded spousal support. In light of the property division which essentially leaves wife with all of the family assets and husband with all of the family debts and in light of the fact that wife apparently will soon be employable, we conclude that an award of spousal support is not appropriate. *Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974).

Affirmed as modified. No costs to either party.