Argued August 22, affirmed as modified September 26, reconsideration
denied October 19, petition for review denied October 25, 1977

In the Matter of the Marriage of
ROBERTS, *Appellant,*
*and*
ROBERTS, *Respondent.*
(No. 76-4710, CA 8406)

569 P2d 668

Gary Roberts, Portland, argued the cause for appellant. With him on the brief was Robert M. Atkinson, Portland.

Robert G. Dickinson, Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

Husband appeals those provisions of the dissolution-of-marriage decree awarding the wife custody of the two minor children, ages six and three, and child support of $150 per month per child, and $500 attorney fees. We affirm the custody decree for the reasons stated in *Starin and Starin,* 29 Or App 557, 564 P2d 748, Sup Ct *review denied* (1977).

■ The award of child support was excessive. As of September 1, 1977, the husband's gross income as a public school teacher is $800 per month. The wife has only worked parttime and is attending a community college to improve her employment skills. In *Fraser and Fraser,* 30 Or App 905, 569 P2d 24 (1977), we increased the child support from $75 to $100 per child for two children where the father had an annual income of $10,886. In that case the father was self-employed and thus did not enjoy the fringe benefits the husband does here. Also in *Fraser* the mother was in a better position to obtain immediate employment. We conclude that the child support of $125 per month per child is appropriate. In making this adjustment we note our comment in *Fraser*:

> "* * * However, in light of husband's income, we believe support payments of $100 per month per child are more appropriate than those provided by the decree. While such a change in the court's decree might appear minimal to those in an economic bracket higher than the parties here, a one-third change in the amount of child support is in fact substantial—particularly when what many would consider a *de minimis* amount of increase represents such a large percentage of the total amount available for support of the children." (30 Or App at 908.)

■ The only evidence concerning attorney fees was the testimony of the wife who stated that she had an agreement with her counsel for a fee of $500 which she was unable to pay. She also testified that this was a reasonable amount for the work done. There was no objection to this testimony. Absent objection, this testimony constituted competent evidence as to the

reasonableness of the fee and was a proper basis for the award.

Affirmed as modified. No costs to either party.

**RICHARDSON, J.,** dissenting.

I disagree with the majority that the custody provision of the decree should be affirmed. Since I would grant custody of the children to the husband I would delete the provision for child support. I concur in the court's affirmance of the award of attorney fees.

The majority affirms the custody award on the basis of *Starin and Starin,* 29 Or App 557, 564 P2d 748, Sup Ct *review denied* (1977). While I do not disagree with the rationale of *Starin* I think it does not properly resolve the custody issue in this case. Under the concept of de novo review this court still has the responsibility of reviewing the evidence and drawing its own inferences. Where credibility of witnesses or sincerity and character of a parent are important we defer to the trial court for simple practical reasons. The trial court is in a better position to assess these qualities.

In this case there was very little conflict in the evidence, thus credibility of testimony incident to fact finding was not important. We are in essentially the same position as the trial court in evaluating this evidence. Applying the *Starin* rule to this case means essentially that the characteristics of conviction, sincerity, self-reliance and temperament, which are determined by viewing each parent in the trial situation, assumes large importance. These factors are common to all child custody decisions. The implication of the majority opinion is we should simply defer to the trial court in all custody cases. I find in this record other factors, not dependent upon credibility, sincerity or good character of the separate parents, which illustrate the best interest of the children would be served by giving their custody to the husband.

[ 1152 ]

It is clear from the testimony of the parties they each consider the other to be a good parent and both have a genuine affection and love for the children. This case presents a situation where each parent could provide an adequate home for the children.

As a result of a temporary custody order pending trial on the petition, husband had custody of the children for a period in excess of six months prior to trial. At the time of the temporary custody order the wife was unable to provide an adequate home emotionally or financially as a single parent. She had very little work experience during the marriage and had completed only her second year of high school. Since that time she has obtained her high school diploma and is enrolled in college working toward a bachelor's degree. Husband is an elementary school teacher, although he does not have a tenured position. With either parent the children would have to spend some time with baby-sitters.

It is apparent the wife will be a student for quite some period of time and will be subsisting on money from education grants. Husband's gross income is approximately $800 per month. Although there is little difference in the home life each could provide, the husband is more established and in that respect could bring more stability to a living situation for the children.

After the trial husband moved for a stay of the custody and child support provisions of the decree pending appeal based upon our suggestion in the modification case of *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, Sup Ct *review denied* (1977). The court declined to rule on the motion, however, the wife stipulated the children could remain with their father pending appeal. As a result the children have been with their father for approximately a year at the present time.

We have repeatedly emphasized the importance of a stable and secure homelife for children in resolving

questions of child custody. We have often recognized the potential damage to children who are shifted from one parent figure to another and are required to make adjustments attendant upon such changes. We have shown a reluctance to uproot young children from a stable living situation unless the change is necessary for their welfare by putting them in a better environment or removing them from a harmful one. This requires a weighing process to see if the damage resulting from the change is outweighed by the benefits to the children's welfare from a different living situation. This principle is most often applied in cases where a modification of a decree is sought to change custody. But, whatever the proceedings which lead to the child custody issue the rationale supporting the principle is the same.

When parents of children separate prior to trial on a dissolution petition, of necessity, only one parent has custody of the children. I do not mean to suggest this fact should have primary importance in awarding custody by decree. It must, however, be one ingredient in determining the best interest of the children. If, as in this case, all other factors are approximately equal the welfare of the children are best served by leaving them where they are. Especially is this true when the children have been continually with one parent for approximately a year.

At trial the wife asked that the court award custody to both parents jointly. This was apparently based on her conclusion the husband could provide a good home for the children, and on her desire to be reunited with the children. Joint custody is the least attractive alternative facing a court. It succeeds in dividing not only the legal responsibilities but also the practical aspects of child rearing and shifts the parental role in the eyes of the children on a constant basis.

In awarding custody of the children to the mother the court made no findings and gave only one reason:
"* * * I feel that the wife needs the time with these

younger children to become reacquainted with them. * * *"

The primary and predominant goal of a custody decision is the welfare of the children and not the right or desires of the parents to be with their children. The dissolution of a marriage with children of necessity results in one parent having custody and control and the other parent having to be content with visitation. The desires of a parent after a long separation to be reunited and become reacquainted with the children does not outweight the detriment resulting from shifting of parental figures and removing the children from the single parent they have been with for one year.

At the time the decree was entered the court could not have known the children would be with their father for an additional six months. Looking at the factors available to the court at that time the court perhaps was not "manifestly mistaken" in its custody decision. *See, Starin and Starin, supra.* We review the decision de novo on the record which implies we cannot go beyond this record in making our own determination. However, we cannot shut our eyes to the realities. The practical reality is from the record we can determine the husband has had continual custody of the children for a year. That is an important factor and we cannot ignore it by restricting our consideration to the record evidence available at trial.

I would modify the decree to award custody of the children to the husband and delete the provision for child support.

I dissent.