BUTTLER, J.
The wife appeals from a decree dissolving the nine-year marriage of the parties, assigning as error the division of property, failure to provide spousal support, terminating temporary spousal support nunc pro tunc, and failure to allow the full amount she claimed to have incurred for attorneys’ fees.
At the time of the marriage, wife was 44 and husband was 37. Prior thereto, the wife had supported herself by performing domestic services, including such services for husband, and had accumulated savings of approximately $16,000; husband was purchasing on contract a ranch which he was operating with the help of his children by a prior marriage. Shortly after the marriage, husband lost the ranch, having defaulted on the contract. Thereafter, he operated a grain hauling business, averaging approximately $12,000 per year net before taxes for the three years preceding the separation of the parties in June of 1976. Wife, in addition to performing household chores during the marriage, assisted in the business on a regular, part-time basis, keeping the books, paying bills, etc,, and, on occasion, moving equipment from one location to another.
During the marriage, the wife exhausted her life’s savings by contributing one-half of the down payment on a new $30,000 home purchased by the parties, and by putting $11,000 down on a new truck and trailer purchased for the grain hauling business. Husband viewed these payments by wife as loans.
At the time of trial, at least two of the husband’s children were living in the home purchased during his marriage to wife; wife was living with her mother and brother in a small home owned by wife and her brother. The remaining assets consisted of furniture and furnishings, farming equipment, a few head of cattle, some old motor vehicles, a small amount of *[216] cash, and truck and trailer units which were used by the husband in his grain hauling business. The record with respect to the values of the various assets is incomplete and in dispute, making it difficult to divide the assets on the basis of value. Under the circumstances, the trial court, in attempting to balance the equities, determined that the wife should come out of the marriage with no less than she went into it. Accordingly, the court, rather than divide the farming and hauling equipment used in husband’s business, awarded the wife a lump sum determined by the amount of savings she had accumulated prior to the marriage, with interest at 6% per annum from the date of the marriage until the date of the decree. The amount of the resulting award came to $27,842.60, which amount husband was directed to pay, without interest, on or before January 4,1979, two years after the entry of the decree. No spousal support was awarded; husband was awarded the family home, most vehicles and all of the equipment used in the business.
 The trial court’s approach to the division of property was equitable. The husband had more need for the family home and the wife owned an undivided interest with her brother in a smaller home; the husband had more need for the equipment used in his business. A lump sum award to the wife, allowing the husband a reasonable time within which to pay it, is appropriate. However, postponing the wife’s use of her share of the division of property for two years without interest conflicts with this court’s opinion in McCoy and McCoy, 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977), where we pointed out that the use of money has value, and an obligee is ordinarily entitled to interest thereon. That observation is particularly apt where no spousal support is awarded and where the lump sum represents funds of the wife used by the husband during the marriage.
In accordance with McCoy, we modify the decree *[217] here to provide for interest at 6% per annum on the unpaid balance of the wife’s share of the property division from the date of the original decree, to be paid monthly from the date the mandate is entered; provided, however, that interest from the date of the original decree to the date of the mandate shall be added to and become a part of the principal amount of the judgment in favor of wife.
With respect to spousal support, the trial court properly applied the guidelines set forth in ORS 107.105(l)(c), as elaborated in Kitson and Kitson, 17 Or App 648, 523 P2d 575, Sup Ct review denied(1974). The length of the marriage had little or no effect on wife’s employment skills. There is nothing in the record to indicate that she may not pick up where she left off; in fact, she testified that she thought she could earn approximately $100 per week. Further, the ability of husband to pay spousal support is questionable, particularly in light of the modification in the decree requiring husband to make interest payments monthly to wife until he has paid wife her share of the property division.
After commencement of this suit, and before the decree, the trial court entered an order requiring husband to pay wife $150 on the 15th day of each month for her support "pending the determination of the issues in this suit.” Husband paid this support money through December, 1976. Trial was had on January 5, 1977, and on January 10, the court rendered its memorandum opinion disposing of the principal issues, in which the court ruled that no spousal support would be awarded. Thereafter husband failed to make support payments pursuant to the prior order. The decree waá not entered until March 28,1977, and provided that the prior order be "cancelled and terminated as of January 5, 1977.” Wife contends the trial court should have included in the decree a judgment against husband for the three months support remaining unpaid under the earlier order (ORS *[218] KN.lOSiUCh),[1] arguing that the court could not terminate the support order nunc pro tunc.
Unless the trial court’s January 10 memorandum opinion stating, inter alia, that "spousal support will not be awarded” constituted an order terminating the temporary support, each payment under the temporary support order became a judgment after its due date if not paid, ORS 107.095(2),[2] and could not be "cancelled” by an order nunc pro tuncas, of January 10, 1977. The record reveals that on March 28, 1977, the trial court, in response to wife’s objection to the nunc pro tunc effect of the decree, stated that it was the court’s intention to terminate spousal support as of January 10. Notwithstanding that intention, no order was entered to accomplish such termination. The court’s memorandum opinion was not an order any more than it was the final decree; the court could, and did, make changes in the ultimate disposition of the suit after its memorandum opinion.
 Accordingly, we must conclude that the decree entered March 28, 1977, could not terminate the *[219] temporary support order nunc pro tunc as of January 5,1977. As the court stated in Roeser v. Roeser, 116 Or 108, 112, 239 P 541 (1925):
"* * * No court can rightly enter an order nunc pro tunc unless the transaction to be recorded actually took place at the prior date. The record must speak the truth and nothing can be entered nunc unless it actually happened tunc * *
See Gow v. Multnomah Hotel, 191 Or 45, 74, 224 P2d 552, 228 P2d 791, 795 (1951).
The failure of the trial court to enter a judgment in favor of wife for the amount of temporary support payments in arrears at the time of the decree, as authorized by ORS 107.105(l)(h), did not have the effect of cancelling the judgment debts resulting from the husband’s failure to make those payments. They had ripened into judgments on which execution could issue, ORS 107.095(2), regardless of whether the court so provided in the decree.
The situation here is different from that presented on a motion to modify support payments under a decree, in which case we have construed ORS 107.135(2) to permit the court to make any modification retroactive to the date of filing the motion. Walker v. Walker, 26 Or App 701, 554 P2d 591, Sup Ct review denied (1976). The rationale of Walker is that ORS 107.135(2) provides expressly that the decree is final as to any instalment which has accrued up to the time either party makes a motion to modify, and that the court does not have the power to set aside or modify the decree with respect to such accrued instalments. It follows that subsequent to the filing of a motion to modify, the instalment payments may be set aside or modified, but until an order is entered on the motion, the obligee is entitled to enforce collection, and any adjustments which may result from a retroactive order must be made prospectively. Here, neither ORS 107.095(2) nor 107.105(l)(h) authorize a provision in the decree terminating a temporary support *[220] order retroactively. Accordingly, neither the trial court, nor this court, may cancel the delinquent payments which fell due prior to the entry of the decree. Therefore, the decree is also modified to delete paragraph 5 therefrom.
We find no reason to disturb the trial court’s allowance of $750 to wife on account of her attorneys’ fees. See Craig and Craig, 30 Or App 419, 567 P2d 141 (1977), where we pointed out that we do not set the actual fee to be paid, but only the amount of the other party’s contribution.
Affirmed as modified. Costs to appellant.

ORS 107.105(l)(h) provides:
"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:
"4: # * * sj«
"(h) A judgment against one party in favor of the other for any sums of money found to be then remaining unpaid upon any enforceable order or orders theretofore duly made and entered in the proceedings pursuant to any of the provisions of ORS 107.095, and for any such further sums as additional attorney fees or additional costs and expenses of suit or defense as the court finds reasonably and necessarily incurred by such party; or, in the absence of any such order or orders pendente lite, a like judgment for such amount of money as the court finds was reasonably necessary to enable such party to prosecute or defend the suit.”

ORS 107.095(2) provides:
"(2) In case default is made in the payment of any moneys falling due under the terms of an order pending suit, any such delinquent amount shall be entered and docketed as a judgment, and execution may issue thereon to enforce payment thereof in the same manner and with like effect as upon a final decree. The remedy provided in this subsection shall be deemed cumulative and not exclusive.”