BUTTLER, J.
Husband appeals from a dissolution-of-marriage decree awarding custody of three minor children, the family house and all of its furnishings, and attorney’s fees of $600 to wife.[1]
The parties have been married 12 years, and the children are ages 11, 8 and 3. The only major asset of the marriage is the family home, valued between $16,000 and $17,000, but encumbered with a $12,474 mortgage. Husband, 32, works regularly, earning approximately $14,000 per year; wife, 30, works regularly, earning approximately $5,000 per year.
Evidence adduced at the pendente lite hearing related primarily to the relative fitness of the parents to assume custody of the children. At the conclusion of that hearing, wife, who was employed as a bartender one night a week from 6 p.m. until 1 a.m., two nights from 5:30 p.m. to 1 a.m., and one day from 12 p.m. until 6 p.m. was admonished by the judge to find alternative employment:
"I’m not happy, Mrs. Lundgren, with your working arrangement at all. You ought to do something else. * * * I would strongly urge you, Mrs. Lundgren, to quit working these hours. Find some other type of work if you must work. I just say that because I want to impress that upon you before we have the final hearing on this matter on the final custody question.”
The court awarded her temporary custody, apparently in the hope that she would seek employment with working hours which would permit her to devote more time and attention to the children.
At the trial, wife testified that she was working at the same job, but on a more favorable schedule. The only significant change consisted of working one *[970] additional night each week, 6 p.m. until 1 a.m., which we find difficult to characterize as more favorable from the standpoint of the children. While it appears that wife did make some inquiries about alternative employment opportunities, she filed no job applications. We are not persuaded that wife does not have alternative employment possibilities. Prior to her marriage, for example, she was employed as a commercial artist. She testified that she earns $3.00 per hour now and that the only other available employment would have been at a $2.00 per horn wage reduction. Such testimony is unpersuasive; rather, it appears that wife’s current employment is by choice. This conclusion is buttressed by the fact that prior to the separation of the parties, husband had told wife it was not necessary that she work, and that he would prefer that she stay home to take care of family matters. It is apparent that with husband returning home from work at 4 p.m. and wife leaving for work at 5:30 p.m., the marriage could not help but be strained. Wife not only likes her job situation, but she enjoys the attendant life-style.
While husband and wife lived together, they shared parental duties. The record indicates that neither parent is less suitable than the other to have custody of the children. Given the mandate of ORS 107.137(3) that no preference in custody shall be given to the mother over the father for the sole reason that she is the mother, we find it difficult to avoid the conclusion that the father should have custody.
Not only do wife’s hours of employment extend to the early hours of the morning, but she is in the habit of eating and socializing after work, arriving home anywhere between 3 and 5 a.m. Wife’s employment is particularly disruptive when her evening shift is followed by a day shift, necessitating a babysitter who could and would spend the night and resume duties the next day.
*[971] Husband, on the other hand, is employed regularly from 7 a.m. until 3 p.m. in a plywoood company five days a week, although he occasionally works an extra day. He has worked for the same employer for five years, and has been a good and capable father. Members of his family live in town and have provided babysitting services on many occasions before the separation, and for wife after.
 Many accusations and counter-accusations were aired in the acrimonious atmosphere of the hearings. No useful purpose would be served by our detailing them here. Our concern is for the best interests and welfare of the children, which includes the stability of the living environment to be provided them, Niedert and Niedert, 28 Or App 309, 313, 559 P2d 515, rev den (1977), and with the time and attention the custodial parent is able and willing to devote to the children. Here, the father is able to be with the older children after school until bedtime. Either parent will need help with the pre-school age child. Based upon those factors, as we view the record, and in light of the provisions of ORS 107.137(3), we conclude that custody should be awarded to husband. Tuma and Tuma, 29 Or App 699, 564 P2d 1364 (1977). We recognize that substantial weight is to be afforded the trial court where factual issues are in dispute and when observation of witnesses may be critical to their resolution. Such situations frequently arise where child custody is the issue. Starin and Starin, 29 Or App 557, 564 P2d 748, rev den (1977).
In this case, however, our focus is more on a situation which does not present issues of credibility; the problem is related more to evaluating the situation in terms of the best interests of the children. The trial judge expressed concern over the wife’s job situation at the pendente lite hearing; the record does not disclose how this concern was dispelled at trial.
Although the issues in Niedert arose in a somewhat different context, this court’s reasoning in reversing *[972] the trial court there is instructive here. Recognizing the anomaly in uprooting children for the sake of stability, we held nonetheless:
'To refuse to reverse a * * * custody order * * * would be to deny the aggrieved parent the right granted under ORS 107.115(3) to appeal an erroneous order. It is our function to hear this case de novo upon the record compiled in the trial court as of the time it was heard in the trial court, and it would be unfair to the [aggrieved parent] to deny [him/her] custody of [the] child solely because of the immediate execution of an erroneous order * * *.
"In the process of entering a new order, we trust that the trial court will take reasonable steps to assure itself that the child[ren] will be returned with a minimum of emotional trauma and with as healthy a personal adjustment as the circumstances permit. The order should provide for the [mother’s] full cooperation in making the transition.” 28 Or App at 316-17.
Because the decree is modified to grant custody of the children to husband, we must modify other provisions of the decree. The trial judge awarded wife the entire interest in the family home. Such a ruling would be appropriate where the house is an incident to the responsibilities of custody of minor children. Sites and Sites, 30 Or App 1013, 568 P2d 712 (1977). The decree will be modified to award the family home and its furnishings to husband, but he will be required to reimburse wife within 60 days of the entry of the modified decree for any and all mortgage payments (including principal, interest, insurance and taxes) she has made since the separation. The equity in the house appears to be approximately $4000, and wife is entitled to one-half of that equity. Wife is hereby granted á judgment against husband for the sum of $2000 to become due and payable within two years after the entry of the modified decree; interest thereon, or the unpaid balance thereof, at the rate of six percent per year, shall be paid monthly. Warren and Warren, 31 Or App 213, 570 P2d 104 (1977); McCoy and McCoy, 28 Or App 919, 562 P2d 207, 29 Or App *[973] 287, 563 P2d 738 (1977). The modified decree shall provide that in the event of any default in payment of interest, or principal on the due date, the entire sum, with interest, shall become immediately due and payable, and that execution may issue thereon.
The support obligation of husband is no longer necessary and is, accordingly, eliminated. Husband has not requested child support from wife, so none will be required, although such support from the noncustodial wife may be ordered under appropriate circumstances. Because of the disparities in income, and the disparities in earning potential, and taking into account the duration of the marriage, wife is entitled to spousal support. Husband, however, will be supporting himself and the three children, whereas wife will have only herself to support. We think spousal support of $50 per month "would enable her to enjoy a standard of living not overly disproportionate to that which the husband can maintain for himself.” Grove and Grove, 280 Or 341, 358, 571 P2d 477 (1977). However, wife is young and healthy and, therefore, should be able to adjust to a self-sustaining life within a short time. Accordingly, spousal support is awarded for a period of two years.
Wife requested attorney’s fees in the amount of $375 in her petition; at the preliminary hearing, the trial court awarded her $350 for attorney’s fees, and reserved to wife the right to make application for additional fees at the time of trial. After trial, husband’s attorney stipulated to the setting of reasonable attorney’s fees by the court, "if the Court sees fit to award attorney’s fees.” The court awarded wife the total sum of $600, including the $350 previously allowed. We concur.
Affirmed as modified. No costs to either party.

 Husband also appeals from the denial of his motion to set aside the decaree in order to admit new evidence claimed to be material to the issue of custody. We do not reach that issue because of our disposition of the case, and have not considered the matters set forth in his affidavit in arriving at our decision.