Argued June 22, affirmed as modified, remanded with instructions
September 6, 1978

In the Matter of the Dissolution of the Marriage of
LEHR, *Appellant,*
*and*
LEHR, *Respondent.*
(No. 50303, CA 10235)
583 P2d 1157

Edward L. Daniels, Albany, argued the cause and filed the brief for appellant.

Donald R. Todorovich, Corvallis, argued the cause for respondent. With him on the brief was Lewis & Todorovich, Corvallis.

[ 23 ]

Before Richardson, Presiding Judge, and Lee and Joseph, Judges.

LEE, J.

## LEE, J.

Wife appeals from a dissolution-of-marriage decree which awarded custody of the three-year-old daughter to husband. Wife contends that the award of custody to the husband is not in the best interests of the child.

■ While this court reviews child custody proceedings *de novo,* substantial weight is afforded the trial court on factual issues. Thus, we are reluctant to reweigh testimony without some evidence that the trial court's observations were manifestly mistaken. *Starin and Starin,* 29 Or App 557, 560, 564 P2d 748 *rev den* (1977). However, the evidence in this case convinces us that a mistake occurred.

After six years of marriage, the wife left her husband and moved in with another man. Apparently the trial judge was particularly incensed because the man she moved in with was her lawyer and employer. However, the evidence shows that prior to her departure, the wife was the primary parent who took care of the child by preparing her food, bathing her, playing with her, and nursing her when she was sick. Since the separation, wife has visited her regularly as permitted. Wife works from 8:30 a.m. to 5:00 p.m. Monday through Friday with weekends and holidays off. Except for the issue noted there is no evidence that wife is an unfit parent.

Husband, on the other hand, has a history of drinking after work, and experimenting with drugs. He works long hours, usually including Saturdays. Since the child has been in his care, she has been placed with a babysitter weekdays and most Saturdays and occasionally overnight. The babysitter provides most of the child's meals and takes care of her when she is ill.

■■ ORS 107.137 provides in pertinent part:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the *best interests and welfare* of the

child. In determining the *best interests and welfare* of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The *best interests and welfare* of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"* * * * *." (Emphasis supplied.)

In addition, the court should consider the time and attention the custodial parent is able and willing to devote to the child. *Lundgren and Lundgren,* 31 Or App 967, 971, 572 P2d 325 (1977), *rev den* 281 Or 99 (1978). We find that the best interests and welfare of the child are served by awarding custody to the wife.

Because we modify the decree to grant custody of the child to wife, we must modify other provisions and provide child support. Wife shall receive $125 per month in child support commencing on the date of the filing of the mandate until the child reaches age 18, and further until the child reaches the age of 21 years if regularly enrolled in school, unless sooner emancipated. All support payments shall be made through the Department of Human Resources of the State of Oregon, Support Services Unit, P.O. Box 14506, Salem, Oregon 97310, plus any service charges. We also award wife the washer and dryer and the child's possessions except the toy chest and shelves which were made by husband's grandfather. Otherwise, we do not disturb the decree of the trial court.

Affirmed as modified and remanded for entry of a decree consistent with this opinion. No costs to either party.