Argued December 18, 1978, reversed and remanded March 5,
petition for review denied April 24, reconsideration denied April 16, 1979

In the Matter of the Marriage of
LUNDGREN, *Petitioner-Respondent*
*and*
LUNDGREN, *Respondent-Appellant*
(No. 23,505, CA 11718)
591 P2d 763

William C. Crothers, Jr., Salem, argued the cause and filed the brief for respondent-appellant.

Philip Hayter, Dallas, argued the cause for petitioner-respondent. With him on the brief was Hayter, Shetterly, Noble & Weiser, Dallas.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

The father appeals an order which modified a dissolution decree by awarding children's custody to the mother.

The original dissolution decree was entered by the circuit court on April 12, 1977. It awarded custody of the three minor children to the mother, and the father appealed. In a decision handed down December 5, 1977, we modified the decree to award custody to the father. *Lundgren and Lundgren,* 31 Or App 967, 572 P2d 325 (1977), *rev den,* 281 Or 99 (1978). In that opinion we noted that "neither parent is less suitable than the other to have custody of the children." 31 Or App at 970. We focussed on the fact that the mother had chosen employment as a bartender, which kept her away from home three evenings a week, while the father had stable, regular employment from 7 a.m. to 3 p.m. five days a week. The decisive consideration was the time and attention he was able and willing to devote to the children.

Following the denial of the mother's petition for review by the Supreme Court, a mandate issued from this court, and a modified decree was entered by the circuit court February 3, 1978. Within minutes of the entry of the modified decree, the mother filed a motion for a stay of the custody change and for modification of the February 3 decree. Her supporting affidavit stated in essence that she was then employed only as a bowling alley operator five days a week from 9 a.m. to 5 p.m., and that all three children were upset about the award of custody to the father.

The father demurred to the motion on the grounds that the circuit court had no authority to stay the change of custody granted by this court, that the motion was premature and that it failed to "allege facts sufficient for the cause of relief in that no material change in circumstances is shown sufficient to warrant modification of custody. The demurrer

[137]

was overruled and the stay granted.[1] A hearing on the motion to modify was held on June 16, 1978. The evidence showed that the mother was unemployed, receiving public assistance and trying to find a job. The circuit court granted the mother's motion to modify, stating:

> "[P]etitioner's circumstances have changed markedly, the custody of the children have been constantly in the petitioner, and she impresses the court as having the more stable emotional makeup***."

■ A party seeking modification of the child custody provision of a decree has the burden of establishing a change of circumstances relevant to the ability of one or both of the parents to care for the children. *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977). The father argues that in order to warrant a modification the change must have taken place since the entry of the last decree. If that limitation were applied in cases in which an appeal from the prior decree is successful, no change of circumstances between the time of the prior trial court hearing (on the record of which the review of the appellate court is necessarily based) and the time of the mandate of the appellate court could be considered as a ground for modification, at least until some other substantial change had taken place subsequently. That result, which ignores the realities of the appellate process, is not acceptable. Were it shown, for example, that during the pendency of an appeal the successful appellant had been convicted of child molesting, there is no theoretical or practical reason why that should not be considered as a basis for changing custody, even if the motion to modify is made immediately after the decree mandated by the appellate court is entered.

■ The change of circumstances requirement is based on two distinct considerations: the prevention of

---

[1] In light of our disposition of the case, we need not determine whether a "demurrer" to the motion was proper or whether the trial court would be authorized to stay a custody change previously mandated by this court when a sufficient change in circumstances is later established.

repeated litigation of the same issues and the provision of a stable environment for young children. *Niedert and Niedert, supra; Crane v. Crane,*17 Or App 637, 523 P2d 596 (1974). In this instance the latter consideration is not involved. The children were with the mother continuously during the appeal and at the time of the hearing on the motion to modify. The modification resulted in no change of physical custody.

Nevertheless, the change of circumstances requirement was still applicable, because the problem of repeated litigation was clearly involved. The father had the right to appeal the original decree. He did so successfully, but the decision of this court was not implemented. Instead, the father was forced to relitigate the custody issue in the trial court and to appeal again. The evidence did not establish a change of circumstances sufficient to justify the expense, inconvenience and delay resulting from the relitigation. The evidence did show that the mother no longer had the bartending job which kept her away from the children several evenings a week, but it also established that she had not found stable substitute employment. Her ability to give time and attention to the children was therefore uncertain. Moreover, the circumstances of the father, who we concluded in the earlier appeal was just as able a parent as the mother, were not shown to have changed in any significant respect. We conclude that the trial court erred in modifying the decree.[2]

The father argues also that the trial court erred in awarding $300 attorneys fees to the mother. Under ORS 107.135(3), the court was authorized to "assess against either party a reasonable attorney's fee for the benefit of the other party." There was, however, no

---

[2] We note that even if there had been a sufficient change of circumstances, consideration of the fact that the children had been with the mother during the appeal would not have been proper, because that would detract from the father's right to appeal. *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977).

pleading in regard to attorney's fees and no stipulation. After the hearing the mother's attorney filed a "certificate" summarizing the time (13-1/2 hours) he had spent on the case. There was nothing in the "certificate" or in the evidence concerning the reasonable value of those services or the fee that the mother would be charged for them. There was therefore no basis for the award.

The case is reversed for entry of an order denying the mother's motion and eliminating the award of attorney fees.

Reversed and remanded. Costs to appellant.