Argued and submitted April 25, Affirmed as modified June 9, 1980

In the Matter of the Marriage of
HASTINGS,
*Appellant,*
*and*
HASTINGS,
*Respondent.*

(No. D7710-15215, CA 16048)

612 P2d 310

David J. Edstrom, Portland, argued the cause and filed the brief for appellant.

Steven V. Johnson, Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Father appeals from an order of the circuit court denying his motion to change the custody of the two minor children of the parties and restrain the mother from removing the children from the state. The children, Helen and Michael, were born in 1974 and 1979 respectively. No appearance was filed in this court by the mother.

The trial court after an evidentiary hearing found that the father was not a credible witness, that he had intentionally submitted a false affidavit in support of his motion and that he took and held the children in violation of the court's previous orders granting custody of the children to the mother. Finally, the court concluded that the mother should be awarded custody of the children and given permission to remove them to Illinois, where she is presently receiving training in electronics as a Navy enlisted woman. The trial court denied the father's request for a stay pending appeal. However, this court on application of the father did grant the stay, "pending the filing in this court of a memorandum in opposition to the appellant's motion for a stay and pending further order of this court." The mother, however, did not file any memorandum, so the stay is presumably still in effect.

Having reviewed the entire record, we make the same findings and reach the same conclusions as did the trial court. The trial court did err, however, in awarding attorney fees to the mother where none was pleaded, proved or stipulated. *Lundgren and Lundgren,* 39 Or App 135, 591 P2d 763, *rev den* (1979). The provision awarding $250 in attorney fees to the mother is therefore stricken.

One further matter should be mentioned. The father's attorney, in transmitting his brief on appeal, advised this court by letter that as of March 28, 1980, "the mother has voluntarily turned the two children * * * over to the father." We are at a loss to understand

how the mother came to have custody of the children in view of the stay order of this court allowing them to remain with the father during the pendency of this appeal. We do not in this appeal consider events occurring after the trial court entered the order from which this appeal was taken. Such matters properly are for consideration by the trial court if and when they are brought before that court in a regular judicial proceeding.

Affirmed as modified. No costs to either party.