Vonda DRUCE, Plaintiff and Respondent,

v.

Willard Ray DRUCE, Defendant and Appellant.

No. 19789.

Supreme Court of Utah.

June 2, 1987.

Brent D. Young, Provo, for defendant and appellant.

Stanley R. Smith, American Fork, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Willard Ray Druce appeals a district court ruling holding him liable for

---

delinquent child support payments due his ex-wife, Vonda Druce, under a temporary order that was entered before the final divorce decree. He contends that the final decree superseded the temporary support order, and because the final decree did not require that he pay the amounts that were delinquent at that time, the trial court erred when it later entered a judgment for the amount of the delinquent payments. We affirm.

In July of 1980, plaintiff Vonda Druce filed for divorce. Several weeks later, the district court entered a temporary order awarding her child support payments of $200 per month pending a final divorce. In November of the same year, the court entered a final divorce decree awarding plaintiff $250 per month as permanent child support. At that time, defendant was $1,204 in arrears in his temporary support payments. The divorce decree is silent as to those amounts. In January of 1984, the court ordered defendant to pay plaintiff almost $5,000 in overdue child support payments, $1,204 of which represented the delinquent temporary support payments and the remainder of which represented amounts delinquent under the final decree.

On appeal, defendant asserts that the temporary support order merged into the final decree and, since the final decree is silent regarding the delinquent temporary support payments, the doctrine of res judicata precludes plaintiff from seeking any unpaid amounts that accrued under the temporary order. He argues that this is not a case where the final decree is merely silent about the question of child support; instead, the final decree implicitly addressed the issue by requiring only prospective payment of $250 per month as child support. Under such circumstances, plaintiff should be barred from recovering amounts implicitly considered and denied in the divorce decree.

We recognize that a few courts have adopted the rule advocated by defendant. *See, e.g., Richardson v. Richardson,* 218

Minn. 42, 44–45, 15 N.W.2d 127, 128–29 (1944); *Holmes v. Holmes,* 66 Wyo. 317, 339–43, 211 P.2d 946, 955–57 (1949). However, we disagree with those decisions. A rule that denies recovery of accrued unpaid obligations under a temporary order unless they are expressly preserved by the final order is "entirely senseless ... [because] it rewards the recalcitrant husband for noncompliance with the court's order by excusing him from payment of arrears." H. Clark, *Law of Domestic Relations,* § 14.2, at 428 (1968). Also, such a rule may discourage final resolution of divorce actions because "the party to whom the arrearage is owed would resist entry of a final decree until the court holds a hearing and enters an order compelling payment of the arrearage." *Prather v. Prather,* 305 S.E.2d 304, 310 (W.Va.1983).

We prefer to adopt the opposing rule, which appears to have gained widespread support. *See, e.g., Bork v. Richardson,* 289 N.W.2d 622, 625 (Iowa 1980); *Button v. Button,* 222 A.2d 245, 247 (Me.1966); *In re Marriage of Warren,* 31 Or.App. 213, 570 P.2d 104, 106–07 (1977); *Ex parte Shaver,* 597 S.W.2d 498, 500 (Tex.Civ.App. 1980); *Prather v. Prather,* 305 S.E.2d at 310. We therefore hold that payments that become due and payable under a temporary order may be reduced to judgment after entry of the final decree, despite the failure of that decree to expressly preserve them.[1]

Affirmed.

HALL, C.J., DURHAM, J., and GREGORY K. ORME, Court of Appeals Judge, concur.

HOWE, J., dissents.

STEWART, Associate Chief Justice, does not participate herein; ORME, Court of Appeals Judge, sat.

---

1. We do not have occasion here to reach the question of whether the amount of the accrued debt can be retrospectively modified by the final

decree. *Cf. Adams v. Adams,* 593 P.2d 147, 148 (Utah 1979); *Larsen v. Larsen,* 561 P.2d 1077, 1079 (Utah 1977).