Argued and submitted June 23, remanded with instructions September 27, 1995

## In the Matter of the Marriage of

Lezlee C. ALLS,
*Appellant,*
*and*

Danny C. ALLS,
*Respondent.*

(15-93-03954; CA A83248)

902 P2d 1204

Gary R. Ackley argued the cause and filed the brief for appellant.

George W. Kelly argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Wife appeals from the judgment dissolving the parties' 13-year marriage. On *de novo* review, we modify in part.

■    The trial court awarded to wife a promissory note and trust deed on real property in California, which was held in her name. The property is in default, but it has a possible market value of $300,000 to $400,000. The court awarded to husband the parties' Cottage Grove real property, with equity of $83,000. Wife admits that she sought the promissory note free and clear of any interest of husband, as well as a share of the Cottage Grove property. However, she now claims that dividing the property as husband asked would be more equitable, because she would have immediate income from the sale of the Cottage Grove property and husband would share in the expenses of foreclosure of the California property. Wife's arguments, which show only that she has changed her mind, do not provide a basis to disturb the award to her of the California property, which gave wife substantially what she asked for.

■    We agree with wife that the trial court lacked authority to "forgive" an unpaid obligation of $2,800, which had accrued on the order awarding child and spousal support during the pendency of the proceeding. Under ORS 107.095(2), each payment under the temporary support order that was not paid by its due date became a judgment and could not be canceled. *Warren and Warren*, 31 Or App 213, 218, 570 P2d 104 (1977). Husband argues that the trial court had good reason to forgive the debt and, if the methodology the court used was legally impermissible, we should order an equalizing $2,800 judgment against wife. We do not agree. The *pendente lite* order was not a division of property. It was to provide assistance to wife and the parties' child while the dissolution was proceeding.

■    Wife also assigns error to the court's denial of spousal support. The court "recognize[d] this to be a case where spousal support would be appropriate" but did not award support. We agree with wife that that was error. Husband, 53 years old, is presently unemployed and suffers from high blood pressure and anxiety attacks. However, he formerly was employed as a long-haul truck driver, and he testified

that he anticipated no problem in returning to work at $60,000 a year after the dissolution. He had recently been employed at $700 a week, and the uniform support affidavit lists a monthly income of $2,650. Wife, 38 years old, has an associate degree in early childhood education but has not worked outside the home during the marriage. She is enrolled in community college to obtain a degree in counselling, which she anticipates will lead to employment with a starting annual salary of $18,000. She currently receives Social Security and welfare payments of $341 per month.

Even though wife was awarded the "long half" of the assets and those assets may produce income, the length of the marriage, wife's absence from the work force, and the disparity in present, as well as potential, incomes of the parties persuade us that wife should receive indefinite spousal support in the amount of $200 per month. *See Cookson and Cookson*, 134 Or App 357, 361, 895 P2d 345 (1995).

Remanded with instructions to modify judgment to delete paragraph 8 and to award wife indefinite spousal support of $200 per month beginning October 1, 1995. No costs to either party.