Argued and submitted December 5, 1997, reversed and remanded for entry of modified judgment April 1, 1998

In the Matter of the Marriage of

Joy BINNELL,
*Appellant,*
*and*

Wesley BINNELL, Jr.,
*Respondent.*

(95C-34296; CA A96455)

956 P2d 1003

Jay R. Jackson argued the cause and filed the brief for appellant.

Lance D. Youd argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this marriage dissolution case, wife appeals various aspects of the dissolution judgment. We write only to address wife's assertion that the trial court erred in forgiving unpaid arrearages accrued pursuant to a temporary support order. We reverse and remand.

Husband and wife had been married for 24 years at the time of dissolution and are the parents of two children. On November 30, 1995, a temporary support order was entered that required husband to pay support pending dissolution. That order consisted of the payment of certain ongoing household and school expenses, monthly payment on certain debts, and a $1,500 per month cash payment for the support of wife and the children.

■ At the time of judgment, husband was $3,200 in arrears on the cash payments for family support and $6,105 in arrears on the other obligations, for a total arrearage of $9,305. Husband did not move to modify the temporary support order. It became clear, however, that the court believed that it had set the temporary support amount too high. It said, "If [husband is] way in arrearage, that means we set [the temporary support] too high in this quick and dirty fashion as a temporary order to begin with." In its final judgment, the trial court entered a separate judgment against husband for $3,200. It effectively ignored the additional amount, however, and simply made it part of the property settlement, affecting both wife's and husband's liabilities and ultimately influencing the amount of the equalizing judgment in favor of husband. The court wrote:

> "After reviewing [wife's] itemization of arrearage and the temporary support order, the court concludes that, in fairness to [husband], and as the court indicated at the hearing, the support payments not made are the only payments that should be paid separately under the temporary order. The other marital debts itemized on the temporary order should become subject to the equalizing judgment."

It is apparent that the court attempted a fair and equitable distribution of property, which included the addition of the arrearage amount into the property settlement.

Wife argues that the trial court did not have the authority to include the arrearage amount in the property settlement. She asserts that, under ORS 107.095(2), the entire amount of arrearage that accumulated from the failure to make payments as required by the temporary support order should have been included in a separate judgment against husband. We agree.

■    ORS 107.095 provides, in part:

"(1)  After the commencement of a suit for marital annulment, dissolution or separation and until a decree therein, the court may provide as follows:

"* * * * *

"(f)  For the temporary use, possession and control of the real or personal property of the parties or either of them and payment of installment liens and encumbrances thereon.

"* * * * *

"(2)  In case default is made in the payment of any moneys falling due under the terms of an order pending suit, any such delinquent amount shall be entered and docketed as a judgment, and execution or garnishment may issue thereon to enforce payment thereof in the same manner and with like effect as upon a final decree."

We have held that each payment due under a temporary support order that is not timely paid becomes a judgment that may not be canceled. *Alls and Alls,* 137 Or App 32, 34, 902 P2d 1204 (1995). In *Alls,* we stressed that temporary support payments are to provide assistance to a spouse and children while a dissolution is pending. Courts do not have the discretion to forgive support payments that fall due before the entry of a judgment. *See Warren and Warren,* 31 Or App 213, 220, 570 P2d 104 (1977).

The question, however, is whether that rule is limited to the cash payments to wife or includes the other support obligations listed in the temporary order. Here, the trial court treated only the separate cash payments to wife as support payments subject to the above rule. However, all the obligations listed in the temporary support order are directly or indirectly for family support. *See, e.g., Ramberg and*

*Ramberg,* 123 Or App 281, 285, 859 P2d 571 (1993) (holding that a requirement that father pay health insurance for the children is considered child support). Payment of those obligations, which relieves wife from the burden of paying them, or a direct cash payment to wife in an amount sufficient to cover their payment, each constitutes support. Accordingly, the entire amount of the arrearage resulting from that temporary support order must, pursuant to ORS 107.095(2), be entered and docketed as a judgment. The trial court erred by not including the total amount of the arrearage, $9,305, in a separate money judgment. However, when the trial court entered an equalizing judgment, it factored into each party's property division some of the debts covered by the *pendente lite* judgment. Since these must be included in wife's judgment, it must recalculate the property division, as well as the equalizing judgment. In addition, the trial court should not include in the liability column of either party those debts that are the subject of the temporary support order.

To the extent that husband may have already paid any of the support obligations, he will be entitled to a credit against the judgment to be entered on remand. The final arrearage amount should be setoff against that owing to husband from any equalizing judgment in husband's favor.[1]

Reversed and remanded for entry of a modified judgment in accordance with this opinion.

---

[1] Nothing in the statute prohibits a setoff of this nature. There are two separate judgments that may be set off in the final judgment. *Cf. Bryant and Bryant,* 70 Or App 443, 446, 689 P2d 1025 (1984) (holding that a court may not set off an unliquidated claim against a final judgment). Our case law is consistent that a court may not "forgive" arrearages resulting from a temporary support order. *Alls,* 137 Or App at 34; *Crump and Crump,* 138 Or App 362, 370, 908 P2d 839 (1995), *rev den* June 18, 1996. In *Crump,* we refused to set off house mortgage payments voluntarily paid by the husband against his arrearage in temporary support. In other words, a court may not modify the amount of the arrearage judgment itself through setoff, however, nothing prohibits the setting off of two separate judgments in a final judgment. *See Ketcham v. Selles,* 96 Or App 121, 124, 772 P2d 419, *rev den* 308 Or 315 (1989).