Submitted August 2, 2019; award of maintenance spousal support reversed and remanded, otherwise affirmed March 26, 2020

In the Matter of the Marriage of

Jolene McKECHNIE,
nka Jolene Thomassen,
*Petitioner-Respondent,*
*and*

Michael Allen McKECHNIE,
*Respondent-Appellant.*

Tillamook County Circuit Court
18DR03730; A169733

463 P3d 560

Husband appeals from a general judgment of dissolution. He argues that the trial court erred in making its award of maintenance spousal support to wife "retroactive" to the date of service of wife's petition. *Held*: ORS 107.105(1)(d) authorizes a court to award retroactive temporary support in the general judgment only if that support was requested by the party in a petition or motion that was served on the nonrequesting party. Because wife did not serve husband with a request for temporary spousal support in this case, the court erred in awarding it to wife in the general judgment as a retroactive support award.

Award of maintenance spousal support reversed and remanded; otherwise affirmed.

Jonathan R. Hill, Judge.

John L. Barlow filed the brief for appellant.

Jolene McKechnie filed the brief *pro se*.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

ORTEGA, P. J.

Award of maintenance spousal support reversed and remanded; otherwise affirmed.

**ORTEGA, P. J.**

Husband appeals from a general judgment of dissolution, challenging the award of maintenance spousal support to wife. Husband first argues that the trial court erred in awarding that support "retroactive" to the date of service of wife's petition, because wife did not seek such retroactive support in her petition. Husband also argues that the maintenance support award was excessive in both duration and amount. As to his first argument, we conclude that, under ORS 107.105(1)(d), the trial court did not have authority to make the maintenance spousal support award retroactive to the date of service of wife's petition. We reject husband's other arguments without further discussion. Accordingly, we reverse and remand.

Neither party asks us to exercise our discretion to review this case *de novo*, ORS 19.415(3), nor is this an exceptional case warranting such review. Thus, we view the facts consistently with the trial court's express and implied findings, as supplemented by uncontroverted information from the record. *Morton and Morton*, 252 Or App 525, 527, 287 P3d 1227 (2012). We state the following facts in accordance with that standard.

Husband and wife were married for 30 years. Wife filed the petition for dissolution, using a standard form with blanks to fill in and boxes to check. In the spousal support section, the form included boxes to check to indicate the start date for each type of spousal support requested. Those boxes were "entry of this judgment *or*"; "the date of service of this *Petition*"; and "*or*" with a blank line. (Emphases in original.) Using those check boxes, in the petition, wife sought spousal support as follows: (1) transitional support of $300 per month for 24 months, starting at entry of judgment; (2) compensatory support of $500 per month for 120 months, starting at entry of judgment; and (3) maintenance support of $250 per month for five years, starting at entry of judgment.

At trial, wife confirmed to the court that she was asking for support as provided in her petition. Husband argued that wife was not entitled to any spousal support.

Neither the parties nor the court discussed whether there should be any spousal support awarded for the time during which the dissolution proceeding was pending. The court took the case under advisement, and later explained its decision in a letter opinion.

The court awarded to wife transitional support of $300 per month for 24 months, which was the amount and duration she had sought in her petition. The court denied wife's request for compensatory support; however, it awarded her maintenance support in an amount and duration greater than she had sought—$700 per month of "lifetime" support. In addition, the court made the maintenance support retroactive; that is, the maintenance support would start as of the date that wife served her petition, which resulted in an arrearage amount immediately owing from husband to wife.

Prior to entry of the dissolution judgment, in a letter to the court, husband objected to, among other things, the court making the maintenance support award retroactive. Husband argued that, under ORS 107.105(1)(d), the court could only make the award retroactive if wife had requested it in her petition. Wife responded by letter that "had I been aware that I could have requested retroactive support as well as lifetime/indefinite support I would have done so."

The trial court denied reconsideration of the spousal support award but stated that it had authority to make the award that it did, relying on the case of *Triperinas and Triperinas*, 185 Or App 283, 59 P3d 586 (2002). The court entered a general judgment of dissolution that memorialized its award of indefinite, retroactive maintenance spousal support to wife.

Husband appeals that judgment, challenging the maintenance spousal support award. We write to address husband's contention that the trial court was not authorized to make the award retroactive, because the text of ORS 107.105(1)(d) limits the court to awarding retroactive support only if it is requested. Husband's argument requires us to interpret ORS 107.105(1)(d), so we apply our usual methodology of examining the text of the statute in context,

along with any helpful legislative history to determine the legislature's intention in enacting it. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

ORS 107.105(1)(d) provides:

"Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:

"\* \* \* \* \*

"(d)  For spousal support, an amount of money for a period of time as may be just and equitable for one party to contribute to the other, in gross or in installments or both. Unless otherwise expressly provided in the judgment and except for any unpaid balance of previously ordered spousal support, liability for the payment of spousal support shall terminate on the death of either party, and there shall be no liability for either the payment of spousal support or for any payment in cash or property as a substitute for the payment of spousal support after the death of either party. The court may approve an agreement for the entry of an order for the support of a party. *A general judgment entered under this section may include an amount for support as requested in a petition filed under ORS 107.085 or under a motion for relief made pursuant to ORS 107.095(1)(b) for which a limited judgment was not entered, payment of which commences no earlier than the date the petition or motion was served on the nonrequesting party, and the amount shall be considered a request for relief that has been decided by the general judgment for purposes of ORS 18.082(3).* In making the spousal support order, the court shall designate one or more categories of spousal support and shall make findings of the relevant factors in the decision."

(Emphasis added.)

Husband relies on the emphasized text above as support for his argument. He asserts, based on that text, that the statute permits a court to award retroactive spousal support only "as requested" in a petition or motion. Here, because wife never made such a request prior to the court's award of the retroactive support, husband argues that the trial court erred in awarding it.

We first note that the text that applies to this circumstance was added by the legislature in 2011, which

occurred well after the issue date of *Triperinas*, the case the trial court relied on for the retroactive award. Thus, that case does not inform our analysis, as it supplies no guidance as to the meaning of the statutory wording at issue here.

Turning to the statute, we agree with husband. The 2011 amendment addressed what is often referred to as "temporary support," which is support that is awarded for the period after commencement of the dissolution proceedings and before the entry of the judgment of dissolution. *See Binnell and Binnell*, 153 Or App 204, 207, 956 P2d 1003 (1998) ("[T]emporary support payments are to provide assistance to a spouse and children while a dissolution is pending."). ORS 107.095(1)[1] provides authority for the court to order such temporary support. The 2011 amendment to ORS 107.105(1)(d) clarifies that *requested* temporary spousal support can be awarded in the general judgment if it was not already awarded by the court in a limited judgment prior to entry of the general judgment. Further, that text states

---

[1] ORS 107.095(1) provides, in part:

"After the commencement of a suit for marital annulment, dissolution or separation and until a general judgment therein, the court may provide as follows:

"(a) That a party pay to the other party such amount of money as may be necessary to enable the other party to prosecute or defend the suit, including costs of expert witnesses, and also such amount of money to the other party as may be necessary to support and maintain the other party.

"(b) For the care, custody, support and maintenance, by one party or jointly, of the minor children as described in ORS 107.105(1)(a) and for the parenting time rights as described in ORS 107.105(1)(b) of the parent not having custody of such children."

We note that the 2011 amendment to ORS 107.105(1)(d), a section that applies only to *spousal* support, refers to ORS 107.095(1)(b), a section that applies only to awards of temporary *child* support. Awards of temporary spousal support are made under ORS 107.095(1)(a). The reference to ORS 107.095(1)(b) appears to be a typographical error. The original bill text, which amended both ORS 107.105 (1)(d), spousal support, and ORS 107.105(1)(c), child support, included identical amending language for both subsections, which the exception that the amending text for ORS 107.105(1)(d) referred to ORS 107.095(1)(a). HB 2687 (2011), introduced (Jan 11, 2011). However, a subsequent amendment to the bill text for both sections resulted in the amending text for ORS 107.095(1)(d) also referring to the temporary *child* support subsection of ORS 107.095(1)(b). HB 2687 (2011), -2 amendments (Mar 23, 2011). We do not address the consequence of what appears to be a typographical error in the enacted statute. Because wife did not make a motion for temporary support under any subsection of ORS 107.095, the reference to a particular subsection does not affect the application of the statute in this case.

that an award of such temporary support cannot commence earlier than from the date of service of that request. For that text to have meaning, the inverse must also be true—that is, the court cannot include an award of temporary support in the general judgment if a request for that support was not served on the party who would pay it.

The legislative history of the 2011 amendment supports that reading of the text. The amendment was drafted and supported by the family law section of the Oregon State Bar. It was explained in committee that the purpose of the amendment was to give the court authority to include in the general judgment amounts that should have been awarded as temporary support. The spokesperson for the bill's sponsor emphasized that an important feature of the amendment was to avoid notice issues by requiring that a request for temporary support must first have been served on the nonrequesting party and retroactive support could start no earlier than the date of that service. Audio Recording, House Committee on Judiciary, HB 2687, Feb 11, 2011, at 37:57 (comments of Russell Lipetzky, Family Law Section of the Oregon State Bar), http://oregon.granicus.com/MediaPlayer.php?clip_id=4198 (accessed Feb 13, 2020); Audio Recording, Senate Committee on Judiciary, HB 2687, Apr 27, 2011, at 34:40 (comments of Russell Lipetzky, Family Law Section of the Oregon State Bar), http://oregon.granicus.com/MediaPlayer.php?clip_id=3388 (accessed Feb 13, 2020).

Based on the foregoing, we conclude that ORS 107.105(1)(d) authorizes a court to award retroactive temporary support in the general judgment only if that support was requested by the party in a petition or motion that was served on the nonrequesting party. Because wife did not serve husband with a request for temporary spousal support in this case, the court erred in awarding it to wife in the general judgment as a retroactive support award. Accordingly, we reverse and remand the maintenance spousal support award for further proceedings.

Award of maintenance spousal support reversed and remanded; otherwise affirmed.