Argued February 25, affirmed in part; reversed in part and remanded
April 5, 1976

In the Matter of the Marriage of
PICKENS, nka NEDROW, *Respondent,*
*and*
PICKENS, *Appellant.*
(No. 398-911, CA 5226)
548 P2d 170

*Steven A. Zimmerman,* certified law student, Northwestern School of Law, Portland, argued the cause for appellant. On the brief were Judith D. Armatta, certified law student, and Patricia Watson, Northwestern Legal Clinic, Portland.

*Peter S. Rudie,* Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

**FOLEY, J.**

This is a domestic relations case in which the respondent mother was ordered to appear and show cause why she should not be held in contempt for wilful refusal to allow appellant father visitation with the minor child pursuant to a decree of May 3, 1974, and why custody should not be changed to the father. The hearing was held September 23, 1975.

After the hearing, the court modified the decree by reducing the support payments required to be made by husband and drastically reducing his visitation rights. He appeals, urging that there was insufficient change of circumstances to warrant the reduction of his visitation rights.

The May 3, 1974, decree provided that the father should have a then three-and-one-half-year-old child for six weeks during the summer, commencing June or July, and six weeks during the winter, commencing December or January.

It was contemplated at the time of the dissolution that the father was to be in Oklahoma where his parents and the mother's parents resided. However, because of the activities of the mother, the father was not able to realize his visitation rights. The mother moved with the child three times in the year and a half after the dissolution (one move to the state of Washington), and refused to inform the father or the court of her and the child's whereabouts.

The father traveled to Oregon from Oklahoma on three occasions attempting to locate his son. The mother claimed that she refused visitation with the father because it would have harmful effects on the child. She conceded, however, that the visitations finally arranged immediately prior to the conclusion of the hearing did not upset the child. Further, both parents testified that the boy got along well with the father and that he was excited about spending time with the father.

The court changed the out-of-state visitation allowed the father from six weeks during the winter to five days beginning in April or May and from six weeks in the summer to two weeks.

■ ORS 107.135(1) gives the domestic relations court authority to provide for the continued care and custody of minor children of divorced parents through modification of the decree of dissolution as it relates to such child.[1] Two limitations have been judicially imposed on the court's modification authority: (1) there must be a substantial change in circumstances since the original decree, or the existence of a material fact unknown at the time of the original decree, adversely affecting the welfare of the child; and (2) the proposed modification must be in the best interests of the child. *Gonyea v. Gonyea,* 232 Or 367, 370, 375 P2d 808 (1962); *Henrickson v. Henrickson,* 225 Or 398, 403, 358 P2d 507 (1961); *Greisamer and Greisamer,* 24 Or App 819, 547 P2d 155 (1976). There is no simple standard to determine whether circumstances are so substantially changed as to justify modification, nor have all factors been enunciated which should be considered in finding the child's best interests.

■ Applying these standards to the instant case, it is difficult to see what change has occurred, since the decree of dissolution on May 3, 1974, sufficient to justify the court's reduction in visitation rights from 12 weeks to two weeks and five days per year. The mother

---

[1] ORS 107.135(1) provides in pertinent part:

"The court has the power at any time after a decree of * * * dissolution of marriage * * * is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide * * * for the custody, support and welfare of the minor children * * *

"* * * * *."

Though the statute does not expressly authorize the court to act on its own motion, it has been construed judicially as adding to the jurisdictional authority already possessed by the court to act for the welfare of the child regardless of parental wishes. *Godfrey v. Godfrey,* 228 Or 228, 235, 364 P2d 620 (1961), *overruled on other grounds, Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972).

successfully prevented visitation for about a year. She, herself, testified that she had not sought a modification of the visitation provisions because she did not feel circumstances had sufficiently changed to justify it. After the separation of the parties, but prior to the decree, the father had been able to maintain regular contact with his son. Since the decree he has seen his son only on rare occasions—three times in August '74 and twice in September '75.

We think both the father and son are entitled to greater visitation privileges than those allowed by the trial court. The child is now five years old. Next year he will undoubtedly be in school. We think it would be fair to permit a two-week out-of-state visitation as soon as practicable following the remand of this case and that thereafter the father should have the six-week out-of-state visitation during the summer as envisioned in the dissolution decree. Because the child will be of school age in the fall of this year, we conclude that the winter visitation this year and following should be ten days, rather than the six weeks provided in the decree, with the parents being entitled to alternate Christmases with the child as provided in the decree.

Paragraphs four and five of the trial court's order of October 29, 1975, reducing child support to $50 per month and providing for payment of arrearages at $15 per month are affirmed. Except as modified as to support and visitation, the order of the trial court is reversed.[2]

Affirmed in part, reversed in part and remanded. Costs to neither party.

---

[2]We reverse the balance of the trial court's order because it requires adult supervision for the child during transportation and notice of visitation to the wife different than that spelled out in the original decree. We prefer to have those matters governed by the original decree.