Argued April 28, reversed and remanded June 13, 1978

HOLT, *Appellant,*
*and*
HOLT, *Respondent.*
(No. 50665, CA 9734)
579 P2d 1305

Richard E. Kingsley, Lebanon, argued the cause for appellant. With him on the brief was Morley, Thomas & Kingsley, Lebanon.

Sam Kyle, Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

This is an appeal from an order entered in favor of the father and against the mother, denying her petition for a change of custody of two daughters, aged eight and eleven. Custody had originally been awarded to the father by a California court in an uncontested divorce proceeding which became final in June, 1974.

The parties had resumed marital relations and lived together as husband and wife beginning in December, 1973, prior to the entry of the final decree of dissolution. The mother resumed her care of the parties' two daughters.[1]

The mother had developed serious mental problems in May, 1973. Tests finally determined that the problem was organically caused, and medication now controls her difficulty. At one point in 1973, however, she went back to Germany for treatment. It was during that time that the father made the decision to divorce her. After a few months, the mother returned to the United States and, very soon thereafter, again began to reside with the father. She experienced periods of hospitalization thereafter, the last one occurring in July, 1974. From that time to the present, she has been the parent actually responsible for the principal care of the children. The father has worked at all times, often putting in large amounts of overtime; the mother began working in 1976 at the urging of the father who had become enamored of another woman and was anxious to have the mother move out of the home.

The original California decree gave custody of the children to the father, and properly so, because, at the time it was entered, the mother was suffering from severe psychiatric problems which would have made

_____
[1] After the parties again separated, the mother was granted an ex parte order giving her temporary custody of the children pending the outcome of this proceeding.

her an inappropriate custodial parent. However, the testimony indicates that, at present, the mother's psychiatric difficulties are under control. She is, moreover, the parent who has been principally involved in caring for and raising the two girls. From the testimony of other witnesses, it would appear that her care and her love for them is exemplary. The father does not dispute this. In particular, the paternal grandmother testified in favor of the daughter-in-law being granted custody of the children. She praised her daughter-in-law's performance as a mother. The grandmother also suggested that her son had a drinking problem; a suggestion in which the mother concurred. The father denies it.

■■ We review *de novo.* On the basis of our examination of the record, we conclude that both parents are fit and responsible parents, but that it appears in all likelihood that custody of the daughters would have been awarded to the mother originally had she been mentally fit to care for them. Since the entry of the original decree of divorce, there has been a substantial change in her circumstances and she is now fit to care for them. Moreover, she has never really been without custody; her return to her husband's home effectively rendered the California grant of custody to the father meaningless. Under these circumstances, we believe that the trial court was in error in denying her the requested "change" of custody which would, in fact, have provided more stability than the course chosen by the court. *See Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977).

■ Our altered disposition of custody requires that we consider the matter of child support. The evidence shows that the mother's gross yearly income is approximately $11,000. The father's gross yearly income is approximately $16,000. The mother's living expenses exceed her income by approximately $100 per month. Given the present ages of the children, the factor of inflation, and the comparative abilities of the two

parents to contribute to the expenses of raising the children, we believe a child support award to the mother of $125 per child per month would be equitable. The case is reversed and remanded for entry of a modified decree in accordance with this opinion.

Reversed and remanded. Costs to appellant.