Argued July 24, affirmed as modified October 2, 1978

In the Matter of the Dissolution of the Marriage of
BUSS, REEVES, *Appellant,*
*and*
BUSS, *Respondent.*
(No. 75-2199, CA 10200)
584 P2d 778

Robert A. Lucas, Rainier, argued the cause and filed the brief for appellant.

Arthur A. Wilson, Roseburg, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Mother, custodial parent of the parties' minor child, appeals from the denial of her motion to modify the decree of dissolution. She contends that father should be responsible for transportation of the child to and from the custodial residence in Gresham when he exercises his visitation rights. Further, she sought an increase in child support from $100 to $200 and an order requiring father to pay $350 toward her attorney fees.

The marriage was terminated by a decree of dissolution in 1976. Custody of the parties' two year old child was awarded to mother. Father was granted visitation privileges consisting of two weekends per month and alternate holidays. Mother had moved from the family home in Lakeview to her parents' home in Roseburg at the time the decree was entered. She remarried in February of 1977, and moved to Gresham. Father sought a modification of the decree in March, 1977, to extend the length of his weekend visits in view of the approximately 350 mile trip between Lakeview and Gresham. The trial court granted father a nine day visitation period once every two months at the April, 1977, hearing. The court, on its own motion, entered an order requiring that father come to Gresham to pick up the child at the start of the visitation period and that mother be responsible for the return trip. No appeal was taken by mother from that order.

Mother subsequently filed a motion to modify the decree in November of 1977, after making the trip to Lakeview on three occasions. At the modification hearing, father proposed that the parties meet in Bend at the start and completion of visitation periods. The court informed counsel for mother that it was her choice whether to accept father's offer to meet in Bend or continue the previous transportation arrangements. Counsel for mother stipulated to the compromise. At oral argument before this court, counsel emphasized

that his client agreed to the Bend offer only as a second choice. Counsel maintains that mother did not intend to waive her contention that the noncustodial parent exercising visitation rights is responsible for transportation of the child to and from the custodial parent's residence.

Assuming, without deciding, that the stipulation did not act as a waiver of mother's contention that the imposition of any transportation requirement on the custodial parent is inappropriate, we find that the court's acceptance of the Bend compromise was fair and reasonable under the circumstances.

■ Mother did not appeal from the original decree modification which ordered her to share the responsibility for transporting the child during father's exercise of his visitation rights. As a result, it was incumbent upon her to show a change in circumstances since entry of the court's order in May of 1977, before the court could alter the modified decree. *Pickens and Pickens,* 25 Or App 33, 548 P2d 170 (1976).

■ We find no substantial change in circumstances in the record. Mother contends that she has found the court's order burdensome after attempting to comply with the transportation requirement. That some burden would be placed on mother as a result of the order was clearly understood by the court at the time it was entered. In all likelihood the court's action was taken to lighten the burden father would experience in the exercise of his visitation rights as a result of mother's move to Gresham. Further, the burden has been lessened for both parties as a result of the agreement that they will come to Bend to exchange the child.

Mother contends that her epilepsy and its potential effect on her driving is a material fact that was unknown at the time of the original decree that could adversely affect the welfare of the minor child. She testified that she is subject to seizures when she is

tired, fatigued and under stress.[1] Normally, her medication controls the problem, although she had one seizure in 1977. We note that mother has had an operator's license for the past ten years. Her driving record apparently has not been affected by her epilepsy. We are not persuaded that mother's medical condition is so severe that she should be excused from complying with the stipulation agreed to by the parties and accepted by the court.[2]

■ Mother further assigns as error the failure of the trial court to increase father's child support payments from $100 to $200. The income of both parents has increased since the entry of the original order in early 1976. Father earned $7,000 during six months of 1975 as an employee of the Southern Oregon Log Scaling and Grading Bureau. He and his former wife also owned a store that year that produced an undetermined profit. In 1976, father earned $19,000, including overtime, at his scaling job. In 1977, he earned approximately $14,000 with no overtime pay. Mother's salary has increased from $550 to $750 per month, but her expenses for baby-sitting have increased $130 per month. Her parents provided such services at no cost at the time of the decree. Although father has remarried and he and new wife have a small child, we find a sufficient change in circumstances to justify an increase in child support from $100 to $150. *See Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974).

■ Finally, we find no abuse of discretion in the failure of the trial court to award attorney's fees to mother.[3]

---

[1] Mother does not contend that her condition in any way affected her driving abilities on the three occasions in which she complied with the court's modified decree by driving to Lakeview.

[2] Our opinion should not be interpreted as holding that the trial court should always divide the transportation responsibilities between father and mother when long distances are involved. We simply find that under the circumstances of this case the order of the trial court regarding visitation was proper.

[3] ORS 107.135 provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon

Both parties were capable of paying their own expenses.

Affirmed as modified. No costs to either party.

───────────

the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:
"* * * * *

"(3) In a proceeding under subsection (1) of this section, the court may assess against either party a reasonable attorney's fee for the benefit of the other party."