Argued October 20, reversed and remanded December 26, 1978

In the Matter of the Marriage of
STROM, *Respondent,*
*and*
STROM, *Appellant.*
(No. 419-908, CA 11415)

590 P2d 238

Ira L. Gottlieb, Portland, argued the cause and filed the brief for appellant.

Nancy Snow, Legal Aid Service, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Husband appeals the circuit court's order denying his motion for a change of custody. We review child custody proceedings de novo with substantial weight given to the trial court's determination of the facts. *Starin and Starin,* 29 Or App 557, 560, 564 P2d 748 *rev den* (1977).

The dissolution decree was entered on February 27, 1976. The mother lived in three separate residences in Portland while she had custody. She worked intermittently, but received welfare most of the time and could not pay her bills. She was unable to enroll the child in kindergarten and when it came time to enroll in first grade the child suffered from a learning disability and hyperactivity and seemed to have trouble participating in group activities. The wife decided to move to Seattle and agreed with the father that he should keep the child for the remainder of the school year. The father has had a steady job since 1973 and moved from an apartment to a house to accommodate the child. He arranged for the child to remain in the same grammar school, although his residence was technically outside the district. During the period when the father had custody, the father weaned the child from his Coke and candy habits and the child's hyperactivity ameliorated. The father helped the child nightly with his reading and arithmetic. A special teacher at the grade school also supplied remedial instruction. The child's reading ability has now substantially improved. The paternal grandparents, the father, and the father's fiancee testifed that the child has an improved disposition and has adjusted well to group activities. The Family Service counselor also testified to the same effect, as well as to the child's express desire to remain with his father.

While the child's progress in school and his attitude at home were improving, the mother's situation in Seattle was not. At the time of the modification order she still had not found regular employment. The

mother's friend often stayed with her on the weekends. He had twice been convicted for heroin-related felonies, and had recently violated parole by possessing heroin. The mother intends to marry him. There was disputed testimony about whether heroin was openly displayed in the apartment and whether he had suggested the mother become his prostitute.

■ ■ A party seeking modification of a custody decree must show a substantial change of circumstances since the time of the trial court's decree and that a change would be in the best interests of the child. *Pickens and Pickens,* 25 Or App 33, 548 P2d 170 (1976). We find that the mother's increasingly unstable situation, the eight-month stay with the father and the corresponding improvement in the quality of the child's life are a sufficient change of circumstances to justify modification of the custody decree and that it is in the best interests of the child to do so. This finding is not because of a judicial preference for the workaday life-style, higher income and more stable social environment of the father,[1] as the mother's brief suggests,

---

[1] *See* ORS 107.137(4), which offers specific guidance in determining the best interests of the child:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.

"(4) *In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child.*" (Emphasis supplied.)

but rather because the mother was shown to be unable to help the child improve his personal habits, alleviate his learning disability, develop an ability to participate in activities with his peers, and find personal happiness and because no similar disadvantages have been shown in the father's home. Indeed, under the father's guidance the child has adjusted quite well and now prefers to stay with the father. Because the child has been physically in the father's custody for a long period of time, the judicial preference for stability does not mitigate against modification of legal custody. *See, Holt and Holt,* 34 Or App 827, 830, 579 P2d 1305 (1978).

Reversed and remanded. No costs to either party.