Submitted on record and brief March 26,
affirmed as modified June 2, 1980

# In the Matter of the Marriage of
# HALL,
*Respondent,*
*and*
# HALL,
*Appellant.*

## (No. 80193, CA 15322)

611 P2d 1198

Terry K. Haenny, Salem, filed the brief for appellant.

No appearance made by respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is an appeal from an order changing custody of two of the parties' children from father to mother.

The 1973 decree of dissolution awarded custody of the parties' four minor children to the mother. In April, 1975, the decree was modified with mother's consent to award custody of all four children to father. Mother testified at the current change of custody hearing that she allowed the 1975 change of custody because she and father were attempting a reconciliation and he did not want to pay child support while she and the children were living with him. The reconciliation attempt failed shortly after the change in custody, and mother left with the four children. Father testified that he allowed her to take the children because he had no way to care for them at that time.

Since mother moved out, the two older children have moved back and forth between the parents. Custody of these children is not at issue on appeal. Except for one short period, the daughter, now 14, has lived with mother continuously since the 1975 modification. The son, now 8, lived with mother until August, 1978, when father failed to return him after a weekend visitation. Father testified that he kept the son because he expressed unwillingness to return to his mother.

In March, 1978, mother initiated this proceeding to regain custody of both children. She cited various changes in circumstances since the 1975 modification as well as the desire of the children as reasons for the change.

Based upon the hearing, a formal child support study conducted by Family Services Division of the court, and the expressed preference of the children, the trial court awarded custody of the children to their mother, with the son to remain with father pending appeal.

We review the facts de novo, giving substantial weight to the findings of the trial court. *Strom and Strom,* 37 Or App 767, 590 P2d 238 (1978); *Starin and Starin,* 29 Or App 557, 564 P2d 748 *rev den* (1977).

The parent seeking a change of custody must show both a substantial change of circumstances since the most recent custody order and that a modification would be in the best interests of the child. *Strom and Strom, supra,* 37 Or App at 770; *Remillard and Remillard,* 30 Or App 1111, 569 P2d 651 (1977). While father declared at the hearing that he would like to have custody of the daughter, he acknowledges in his brief that it may well be in the child's best interests for her to remain with her mother and confines his arguments to the issue of custody of the son.

In this case, the trial court found a change of circumstances based on the fact that the children and their mother had moved out of father's home shortly after the last custody change and had both resided with mother until the son resumed living with father in August of 1978. Another change of circumstances noted by the trial court was the fact that mother had apparently had difficulty in visiting the son since he had been with father.[1]

In deciding whether the change would be in the best interests of the children, the trial court took into consideration the child custody study which concluded that this was a very close case, but which recommended awarding the son to mother because of father's interference with visitation and because of the child's preference. The trial judge also considered the child's preference as indicated to him in an *in-camera* conference.

The trial judge found that both mother and father were loving and fit parents and that each had similar

---

[1] Several minor incidents were cited by mother as changes of circumstances, some of which were cited by the trial court and none of which standing alone would amount to a change of circumstances. We see no need to detail these incidents here as they are not significant in our decision.

negative qualities. He noted the deleterious effect of the constant and prolonged acrimony between the parents and stressed the children's need for stability.

From our reading of the record, we agree with the trial court's conclusion that there has been a change of circumstances, but do not agree that it would be in the best interests of the son to move him back to his mother's house.

The breaking up of the family unit after the 1975 custody change — especially where the attempted reuniting of the family had been the reason for the modification — amounted to a substantial change in circumstances. Because the most important need in the lives of both children at this time appears to be stability, we find that the son should remain with father and the daughter with mother.

In making this decision, we note that the case worker who made the custody study testified that she would have recommended that the son stay with father if father had been cooperative about visitation. The record indicates that, by the time of the hearing, the visitation problems were being successfully worked out. Further, although the social worker and trial judge took the son's preference into account, it is our impression from the record that the son, like his two older siblings, generally expressed preference for whichever parent did not have custody at the moment.[2] While the desire of a child to live with one parent should be given consideration, it must be viewed cautiously, because the child may base his

---

[2] The court stated the following in its letter opinion dated July 10, 1979:

"* * * * *

"This case is a classic illustration of what happens to children when divorced parents are filled with acrimony and hostility. [The two older children] are perfect examples of children who find themselves between two warring parents. To survive they have become manipulative playing one parent against the other. If the situation continues, [the two younger children] will develop the same tendencies.

"* * * * *"

[477]

decision on factors not consistent with his welfare, *Remillard and Remillard, supra.* In this case, the record shows that the son's real desire is to have his parents reunited. This, unfortunately, is not within our power. Because of the great instablility of all of the relationships in this family, we are not inclined to give much weight to the child's preference of the moment.

We have in the past held that, where a choice must be made between two qualified parents, the interests of the children are best served by maintaining the status quo. *Niedert and Niedert,* 28 Or App 309, 316, 559 P2d 515 *rev den* (1977). Any more upheaval in the lives of either of these children might well be harmful. In this case the need for stability outweighs any benefit to be gained from keeping the children of the family together. *See Kesterson and Kesterson,* 30 Or App 963, 569 P2d 42 (1977). We, therefore, modify the order by awarding custody of the son to father and deleting the provision for payment of child support by father as to the son only.

Affirmed as modified. No costs to either party.