Argued and submitted January 18; resubmitted In Banc May 4,
affirmed June 16, 1982

In the Matter of the Marriage of
# JOHNSON,
*Respondent,*
*and*
# JOHNSON,
*Appellant.*

(No. 15-80-09248, CA A21795)

646 P2d 674

Richard L. Gassman, Springfield, argued the cause and filed the brief for appellant.

Joe Gordon McKeever, Eugene, argued the cause for respondent. With him on the brief was Johnson, McKeever & Cram, Eugene.

VAN HOOMISSEN, J.

Affirmed.

## VAN HOOMISSEN, J.

Mother appeals from a trial court decree awarding custody of the parties' child to father and denying her petition for attorney fees.

No constructive purpose would be served by publishing a detailed opinion in this case. *Sarty v. Forney,* 12 Or App 251, 253, 506 P2d 535 (1973). After considering the evidence, which consisted primarily of the testimony of the parties in addition to the testimony of the paternal grandfather and two acquaintances of the parties, the trial court determined that the best interests and welfare of the child would be served by awarding permanent custody to father. *See* ORS 107.137.

■ ■ We review the facts *de novo* upon the record, ORS 19.125(3), giving great weight to the findings of the trial court. *Rea v. Rea,* 195 Or 252, 261, 245 P2d 884 (1952); *Hall and Hall,* 46 Or App 473, 611 P2d 1198 (1980); *Browne and Browne,* 30 Or App 213, 566 P2d 555 (1977); *Whitlow and Whitlow,* 25 Or App 765, 550 P2d 1404 (1976). We agree with the trial court that the best interests and welfare of the child will be served by awarding permanent custody to father.

■ The trial court properly denied mother's petition for attorney fees. *Fery and Fery,* 20 Or App 581, 585, 532 P2d 1131 (1975).

Affirmed.

**THORNTON, J.,** dissenting.

The majority on *de novo* review affirm in all respects the decision of the trial court awarding custody of the minor child of the parties, Aaron Floyd Johnson, born September 10, 1978, to father and denying any attorney fees to mother. I disagree. Based upon my review of this record, I conclude that the best interests of this infant would be far better served by awarding permanent custody to the mother.

The parties were married on April 24, 1978, and lived together in Springfield until September 1, 1980. On that date father left and moved to Portland. Mother had

custody of the minor child from that date until the trial. During most of that period, mother and child have been living almost entirely on public assistance. On October 7, 1980, the father filed a petition for dissolution of the marriage. Mother filed a response on October 20, 1980, and at the same time obtained an order granting her temporary custody of the minor child. About a month before trial mother and child moved to Grants Pass, where they were again living on public assistance. During the pendency of the dissolution petition, father visited with the child on various occasions, including taking the child for overnight visits.

The evidence consisted primarily of the testimony of the parties. Wife had been keeping the child with her in a low-cost housing unit in Grants Pass. Father stated that he planned, if awarded custody, to have the child cared for in a day care center while he was at work. There was brief testimony from husband's father and two acquaintances of the parties. There was not, however, any home evaluation study by a public agency as to the home environment for the child in either Portland or Grants Pass. There was evidence that the father devoted a significant amount of care to the child and that both parties had a great deal of affection for their child. There was evidence that the child at one time had developed a rash on his buttocks and back and that father had taken the child to the doctor to have the rash treated. There was also testimony by father that mother was something less than a good housekeeper. At the conclusion of the trial, the court awarded custody of the child to father, subject to liberal visitation by mother.

The central issue on appeal is whether the trial court erred in denying mother's request for permanent custody of the child and granting father's request for permanent custody. Mother also assigns as error the refusal of the trial court to award her attorney fees.

The rules to guide courts in determining who should be awarded custody are set forth in ORS 107.137, have been fully stated in numerous decisions and need not be restated here. See Tingen v. Tingen, 251 Or 458, 446 P2d 185 (1968). The guiding principle is which parent is the most suitable custodian under the circumstances, and what is in the best interests of the child.

My reasons for disagreeing with the majority's decision are as follows:

(1) Up to the time of trial mother was the primary custodial parent, having had custody since father left the family home and moved to Portland.

(2) After father filed for the dissolution, mother had temporary custody by the order granted in October, 1980.

(3) The child has been in custody of the father only since the entry of the decree on July 27, 1981.

(4) Father clearly failed to sustain his burden of proof to establish that the child's best interest would be served by awarding permanent custody to the father. To the contrary, my review of this record convinces me that it would be in the best interest of this child to be in the custody and care of a full-time nurturing parent, rather than a day care service plus a nighttime parent.

As to the attorney fees, inasmuch as there is not sufficient evidence in this record to permit this court to fix the amount and payment schedule of child support payments and visitation in this case, I would remand for entry of a new decree.

Richardson, J., concurs in this dissent.