Argued and submitted November 24, 1982, reversed and remanded March 16, 1983

In the Matter of the Marriage of

## KALIMANIS,
*Respondent,*
*and*
## KALIMANIS,
*Appellant.*

(377605; CA A25262)

660 P2d 195

Craig D. White, Lake Oswego, argued the cause and filed the brief for appellant.

Bernard K. Smith, Portland, waived appearance for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Father appeals from an order increasing his monthly child support obligation under a dissolution decree from $125 to $271. He contends that mother failed to prove a substantial change of circumstances sufficient to modify the decree and that the trial court erred in calculating his support obligation. On *de novo* review, we agree with the trial judge that mother has shown a substantial change of circumstances. However, we reverse and remand, because there is not a sufficient record to support the trial court's order.

When the dissolution decree was entered in November, 1972, the parties' child was three years old. Mother was awarded custody and father was ordered to pay $125 monthly child support. There is no evidence in the record of father's 1972 income.[1] From the record we discern that in 1972 he was employed as a computer salesman. In 1979, he joined his present employer, Bankmatic Systems, Inc.,[2] where he earned $27,000 in 1981.

Mother's monthly income in 1972 was $300; it is now about $600. She has no savings, is in debt and makes ends meet by borrowing from her parents. Her monthly expenses have increased substantially since 1972. Housing has increased from $133 to about $315, and her utilities have more than doubled. She pays $100 a month more for food *for the child* than she did in 1972. His clothing costs have likewise escalated dramatically.[3]

---

[1] Although personally served, father did not appear at the modification hearing. The record does not disclose why he failed to appear. His lawyer told the court that father's current expenses exceed his income. The trial judge did not believe that and said so; neither do we.

[2] Bankmatic's office manager testified that Bankmatic had gross sales of $1,200,000 in 1981 and spent $600,000 on research and development. The company has five salespersons. All get a $2,500 monthly draw against commissions, an expense account of about the same amount monthly for business-related expenses, plus a car, life and medical insurance and stock. The stock has no present market value, and it is given to all employes in lieu of a company pension plan. Father presently owns 500 shares of Class B stock.

[3] Mother testified that in 1972 the child's shirts, shoes and jeans cost $4, $5, and $6, respectively. In 1982, the same items cost $23, $42 and $32. Father's evidence shows that in 1981 he or his present wife paid $40 for shoes for a child and $21 to $26 each for jeans, cords and pants.

On the basis of that evidence, the trial court stated:

"I do find that there has been a change of circumstances. Anyone with common sense has to recognize that paying for the care of a child of three years old and paying for a boy of 13 years is a change of circumstances. Maturation and inflation I think themselves would be sufficient.

"Additionally, we have a boy here who's apparently active in sports and we do not have, as far as the Court is concerned, a corresponding increase in the mother's ability to pay for the sports. Somebody's got to pay.

"It is obvious to the Court that the support has probably doubled. The cost of care of this child has probably doubled, and mother's income has remained very low.

"So I'm going to find that there has been a change of circumstances sufficient to justify a modification of this decree. I am sincerely sorry that I didn't have an opportunity to listen to the father and discuss with him his financial affairs. I'm not impressed with the idea that he is working for this company without earning anything except worthless stock.

"Looking at the papers, I suspect that the company is doing some fancy footwork so that the tax burden will fall least on all parties concerned, but you cannot convince me that this man is working and drawing $5,000 a month in one form or another and going further and further in debt to the company. That just doesn't track.

"Support will be fixed now at the rate of $271 a month. That will be paid directly into the bank account of the boy's mother.

"I have looked at the mother's expenses to what she's testified to. None of them seem to me to be outrageous. Her total income into the house is $770, and the Court believes that it's fair that the cost of that child is at least $350. On the basis of that I'm requiring the mother to contribute 22.5 percent for his care and the father 77.5, and that's how I arrived at the figure of $271. I dropped the quarter in favor of the father."

Although we recognize that the support of a thirteen-year-old is very likely considerably more costly than

---

Mother's lawyer allowed her to testify in generalities. While agreeing with mother that there had been a change of circumstances and that father should pay more support, the trial judge did not make *specific* findings concerning the child's present needs or father's ability to pay.

that of a three-year old, the trial court's "finding" that the child's present needs amount to $350 a month must have been based on intuition, for the evidence to support that finding is not found in the record. Despite the fact that increased expenses resulting from a child becoming older and an increase in the cost of living may constitute a substantial change of circumstances, *Wilkins and Wilkins,* 31 Or App 559, 570 P2d 1016 (1977), we cannot determine from the cryptic record here the child's present needs or father's ability to pay.

We therefore reverse and remand for further proceedings pursuant to *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981). No costs to either party.