Argued and submitted December 18, 1990, reversed and remanded for determination
of support award and entry of appropriate modification order March 6, 1991

In the Matter of the Marriage of

Susie Mae WOOD,
*Respondent,*
*and*

Douglas M. WOOD,
*Appellant.*

(80-1-293; CA A63866)

806 P2d 722

Kathleen Lowe, West Linn, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother brought contempt proceedings against father, who has custody of the parties' two children, contending that he had interfered with her visitation rights. Father filed a petition under ORS 109.100 on behalf of the children seeking child support from mother and also moved, in the alternative, for modification of the dissolution judgment to require mother to pay child support. The actions were consolidated. Father was found not to be in contempt, and mother does not appeal. Regarding child support, the court concluded that father had established a substantial change of circumstances, that the children were in need of support and that mother had the ability to contribute to their support. Nonetheless, the court concluded that, because the parties had agreed that mother's entire support obligation during the children's minority would be met if she gave up her share of the equity in the marital home, no support would be awarded.[1]

■ Father appeals and contends that his agreement to forego child support in exchange for the lump sum settlement does not bar modification of the judgment to impose child support or increase the amount. We agree.

■ Support obligations are for the benefit of the dependent children. *State ex rel Juv. Court of Louisiana v. McIntyre,* 97 Or App 56, 775 P2d 329 (1989); *State ex rel State of Alaska v. Hargrove,* 89 Or App 17, 747 P2d 366 (1987). Children have a right to financial support from both parents, ORS 25.275, and parents have a continuing legal duty to support their children. ORS 109.010. The children were not parties to their parent's agreement and their interests were not in fact represented. Parents cannot, by their agreement, avoid the continuing obligation to contribute to the support of their children. *See Feves v. Feves,* 198 Or 151, 254 P2d 694 (1953); *Gibbons v. Gibbons,* 75 Or 500, 147 P 530 (1915). Financial agreements between parents may be taken into consideration in setting child support, but they cannot bar a court from modifying the judgment to impose support or to change the amount.

---

[1] At the time of the dissolution judgment in 1981, one child was four years old and the other was one year old. The value of the equity mother gave up was $10,000. Amortized monthly during the minority of the two children, that is not a significant monthly amount.

Reversed and remanded for determination of support award and entry of appropriate modification order. No costs to either party.