Argued and submitted April 14, reversed on appeal; affirmed on cross-appeal
August 4, 1993

In the Matter of the Marriage of

David S. MacIVOR,
*Respondent - Cross-Appellant,*
*and*

Zale A. MacIVOR,
aka Zale A. Everett,
*Appellant - Cross-Respondent.*

(87-DO-0505-JC; CA A74666)

857 P2d 198

Nancy A. Borneman, Bend, argued the cause for appellant - cross-respondent. With her on the briefs was Borneman & Rossi, Bend.

Richard N. Belcher, Klamath Falls, filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Mother appeals and father cross-appeals from a judgment modifying the visitation and child support provisions of the dissolution judgment. On *de novo* review, ORS 19.125(3), we reverse on appeal and affirm on cross-appeal.

The parties' marriage was dissolved in 1988. Under their agreement, father was awarded custody of their three children, then ages 4, 8 and 10, and mother was not ordered to pay child support. At the time, she was unemployed and living with her future husband. The parties contemplated that mother would live within 500 miles of father, and that the transportation cost for visitation would be shared equally by them. Since then, mother has moved to Colorado, 1,200 miles from where father and the children live.

In September, 1990, father moved to modify the dissolution judgment to require mother to pay child support. Before the trial court, father argued that a substantial change in circumstances existed because: (1) the children were older; (2) two of the children needed orthodontia treatment; (3) mother's move had increased the transportation cost associated with visitation; (4) mother had created a financial hardship by garnishing father's salary; and (5) mother had remarried and her husband had "significant income." The court found a substantial change of circumstances, ordered mother to pay a total of $150 per month for child support, and also increased the percentage of visitation costs to be paid by mother.

■ Mother assigns error to the court's finding of an unanticipated substantial change of circumstances since the dissolution judgment. The party seeking a modification has the burden of proving that a substantial change of circumstances has occurred since the last support order. The change must be of a kind not contemplated by the last order. ORS 107.135; *Richmond and Richmond*, 103 Or App 55, 795 P2d 1104 (1990).

Father argues that the increased cost of raising the children constitutes an unanticipated change in circumstances. At the time of the hearing, the children were ages 8, 12 and 14. Father testified that

> "Clothing costs more, entertainment costs more; there's more school supplies required; there tends to be more medical costs due to sports injuries and those kinds of things; more transportation costs, they're going more places and doing more things and — and you know, involved in more activities and phone call costs and — and — I don't know — they —
>
> "* * * * *
>
> "They take twice as many baths every day now as they used to, the whole bit."

We have held that inflation and the maturation of the children may be a substantial change of circumstances sufficient to warrant a modification of child support if the change is unanticipated. That requires specific proof of unanticipated increased costs. *See Kalimanis and Kalimanis*, 62 Or App 271, 660 P2d 195 (1983). Father presented no specific evidence concerning the unanticipated increased costs of raising the children.

Father also argues that $3,600 in expenses for proposed orthodontia treatment for two of the children and the increased transportation cost for visitation constitute a substantial change of circumstances.[1] There is no testimony in the record as to whether the treatments were anticipated at the time of the dissolution.[2] Moreover, father offered no specific evidence of how much transportation costs had changed because of mother's move. Father has not carried his burden of proof in either regard.

---

[1] Father does not argue that a reallocation of transportation costs associated with visitation is a modification of the visitation provisions of the judgment. *See Buss and Buss*, 36 Or App 429, 584 P2d 778 (1978). Father testified that

"She first moved to Indiana and then to Connecticut and then now she's back in Boulder, Colorado, and I just had no — no idea that the travel expenses would be the burden that they have turned out to be."

He also testified that

"Well, the main reason [I have not paid for the last three visitations] is, is I can't afford it. That's the single, biggest reason, that I can't afford it. And applying those monies for transportation, basically, puts me in a position where I can't live up to my financial responsibilities and provide for the children, keep a roof over their head and pay the bills."

[2] During the hearing, the trial court indicated that the orthodontia expenses were unanticipated in 1988. We find no persuasive evidence in the record to support that assumption.

■ Next, father argues that the financial hardship resulting from mother's garnishment of his income is an unanticipated substantial change of circumstances. Father was required to pay certain marital debts under the terms of the dissolution judgment. Seven months later, mother obtained a judgment in a collateral proceeding against father and garnished his salary when father had not paid the debts. Father argues that he intended to pay off the debts but that mother did not give him time to do so. Despite father's characterization of mother's action as "abrupt" and "aggressive," mother's collection efforts on obligations owed under the terms of the dissolution judgment reasonably could have been anticipated. *See Myers and Myers,* 94 Or App 63, 764 P2d 590 (1983).

■ Father also argues that mother's remarriage and the financial advantage afforded to her by her husband's income constitutes a substantial change of circumstances. Father asserts:

> "[T]here is no doubt that mother has a financial advantage afforded to her by the income of her current spouse and also that the children need the support. The court should, in all fairness, impute this advantage to her in computing a just and equitable determination of appropriate child support to be paid by the mother to satisfy the children's needs."

ORS 107.135(3)(a) provides that "the court shall consider income opportunities and benefits of the respective parties from all sources * * *" in considering whether a change of circumstances exist. In *Kozlowsky and Kozlowsky,* 88 Or App 294, 744 P2d 1329 (1987), we reversed the trial court's modification of a child support obligation because there had been no material change in circumstances; the father's loss of the benefit of his new wife's income did not by itself constitute a material change in circumstances. We relied on *McClure and McClure,* 66 Or App 281, 672 P2d 1390 (1983), which held that the fact that the father's new wife was earning income did not permit the court to impose his support obligation on her. There, the father had been laid off work and had exhausted his unemployment benefits.

Although mother's husband has no legal obligation to support the children, whether the income opportunities and benefits afforded mother as a result of his increased

income constitutes an unanticipated substantial change in circumstances depends on the facts. At the time of the dissolution judgment, mother was living with her future husband, who was working as a bartender, and it was contemplated at that time that they would be married. Moreover, mother testified that the parties had discussed that "[mother's future husband] was conducting his job search * * * to go back to the computer field" and that "he made really good money." Father testified, "* * * it was my understanding that he had the potential of being a — he's some kind of a computer guy or management guy. And he was — he could — he could find employment and make good money." On this record, we are not persuaded that mother's husband's increased income since the date of the dissolution judgment is unanticipated.

Because of our resolution, we need not consider the remaining assignments of error on appeal and on cross-appeal.

Reversed on appeal; affirmed on cross-appeal. No costs to either party.