Argued and submitted May 15, 1995, reversed and remanded for further proceedings
January 24, 1996

In the Matter of the Marriage of

William Peter GRILE,
*Appellant,*

*and*

Cristina Malcolm GRILE,
*Respondent.*

(90DM0627; CA A86369)

909 P2d 1248

George W. Kelly argued the cause and filed the brief for appellant.

Joan Johansen filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband appeals a judgment reversing an order of the Child Support Enforcement Division that would have required wife to pay child support. We reverse and remand.

At the time of the parties' 1991 divorce, they entered into a settlement agreement, which was incorporated into the dissolution judgment. According to the terms of the settlement agreement, husband was given custody of the parties' two children and various items of property were divided. Wife agreed not to claim spousal support in exchange for husband's agreement not to claim child support. With respect to child support, the parties also agreed:

"The parties recognize the inherent power of the court to modify child support obligations in the event of a change of circumstances. The parties understand that to mean in this matter a substantial change in the relative incomes of the parties."

The dissolution judgment contained an express finding that it would be unjust and inappropriate to require wife to pay child support. At the time of the dissolution, husband earned $3,103 per month, and wife earned $1,167 per month.

In the fall of 1993, the Coos County District Attorney initiated a two-year periodic review of child support. The District Attorney requested a hearing to determine whether wife should be required to pay support. The Support Enforcement Division referee found that wife's income was $1,762 per month and that husband's income was $3,782 per month. The referee concluded that, under the child support guidelines formula, OAR 137-50-330, the amount of support presumed to be appropriate was $356. The referee then concluded that, because the parties had agreed to waive support only two years earlier and because of additional income that husband has available from his current spouse, an award of $250 per month would be just and appropriate.

Wife appealed the referee's order. The trial court reversed, holding:

"The court is of the opinion that it is obligated to follow the agreement of the parties in reviewing the matter of child support. Clearly, it was the intent of the parties that [wife] would give up her right to spousal support (to which she

would have been entitled) in lieu of paying child support. * * * [A] substantial change in the relative income does not exist between the parties. * * * An award of child support is not allowed."

Husband argues that the trial court erred in failing to affirm the referee's award of child support. We review *de novo*. ORS 25.287; ORS 416.427(6).

Husband first contends that the trial court's enforcement of the settlement agreement violates ORS 25.287(1), which provides, in part:

"The court, the administrator or the hearings officer shall not consider any issue in the proceeding other than when the support obligation becomes effective and whether it is in substantial compliance with the [child support guidelines formula]."

According to husband, the trial court was not authorized to enforce the settlement agreement, because the statute provides that the court "shall not consider any issue" other than whether support is in compliance with the child support guidelines. The guidelines, husband argues, contain no provision for stipulated child support awards. Citing *Petersen and Petersen*, 132 Or App 190, 202, 888 P2d 23 (1994), wife argues that a stipulated child support award is entirely consistent with the statute and the guidelines.

In *Petersen*, we held only that the statute and the guidelines do not *forbid* courts from "considering" stipulations in determining whether the amount of support suggested by the guidelines formula is just and appropriate. 132 Or App at 200-02. We did not hold that such agreements *must* be accepted. To the contrary, we held that courts are obligated to determine whether — on the basis of factors listed in ORS 25.280(1) through (10) and other "economic factors that address the needs of the dependent children" — the amount of support dictated by the guidelines formula is just and appropriate. *Id.* at 201. Courts always "are at liberty to reject the parties' agreement" and to require support in the amount required by the guidelines formula. *Id.* at 202.

In this case, the trial court did not conduct the required evaluation of the appropriateness of the stipulated amount of support in the light of the needs of the children.

Instead, it erroneously concluded that it was "obligated to follow the agreement of the parties." On remand the court must determine whether the amount of child support to which the parties agreed is just and appropriate and, therefore, in "substantial compliance" with the child support guidelines. ORS 25.287(1).

Reversed and remanded for further proceedings not inconsistent with this opinion.