Submitted on record and briefs November 22, 1995, reversed and remanded for reconsideration September 11, 1996

In the Matter of the Marriage of

Rita Marlene MOCK,
*Appellant,*

*and*

Gary Wayne SCEVA,
*Respondent.*

(15-91-10122; CA A87464)

923 P2d 1310

Donald K. Armstrong, Kathleen M. Fritton and Armstrong, McCullen & Philpott, P.C., filed the brief for appellant.

Richard L. Fredericks and Dennett & Fredericks, P.C., filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Mother appeals from a modification of a dissolution judgment. She argues that the trial court erred in decreasing child support and refusing to amend the visitation and custody provisions of the dissolution judgment. On *de novo* review, we reverse.

The judgment dissolving the parties' marriage was entered in 1992. At that time, the parties had two minor children. Shortly before the dissolution hearing, the parties negotiated a settlement agreement. They agreed to joint custody of the children, with mother's home designated as the primary residence of the children. The parties initially disagreed, however, over the amount of time that the children would be in father's custody. Father wanted custody of the children every other weekend from Friday evening until Monday morning, every Thursday night through Friday morning, and every fourth Tuesday. Mother originally did not agree to the Tuesday visitation, because father would then have the children for 35 percent or more of the time. Under that scenario, father's child support would be calculated pursuant to the shared custody guidelines, OAR 137-50-450, which would result in a child support award smaller than one calculated under the standard guidelines. OAR 137-50-330.

At trial, father explained the controversy to the court:

"We were arguing over this one Tuesday a month that I was asking for. They weren't giving it to me. My attorney told me they weren't giving it to me because that put me over the 35 percent. I said that I wasn't arguing whatever the child support calculations came to. I was not arguing support. The time was more important than the amount of money.

"And if * * * they would give me that extra Tuesday, I wouldn't argue—I wouldn't include that into the support. They could leave that Tuesday out of the support and I would agree to that. And I would agree to not modifying it based on that Tuesday or any other additional visitations that I could have."

Mother ultimately agreed to allow father custody of the children every fourth Tuesday, and father's child support obligation of $412 was determined under the standard child support guidelines.

The trial court accepted the settlement agreement and incorporated it by reference in the dissolution judgment. The settlement agreement included the following provision concerning visitation and child support:

"The parties wish to separate the issue of visitation and support as calculated under the guidelines. The support has been agreed upon notwithstanding the fact that the parties in the future may agree to additional visitation which would give more than 35% of the children's time with the father. To encourage such additional visitation, father has agreed that he will not attempt to seek a modification of the amount of child support based upon the allowance of additional visitation."

Two years after the entry of the dissolution judgment, father filed a motion to amend his child support obligation. He alleged that there had been a substantial change of circumstances: (1) mother's income had increased; (2) the children had lived with him exclusively from August 1993 to October 1993; and (3) "the children [had been with him] 40% of the overnights [while] support [was] figured at 34% of the overnights." Mother objected to the modification of the child support provisions and filed a counter-motion to, *inter alia*, amend the dissolution judgment to decrease father's visitation and to give her sole custody of the children.

A hearing on the matter was held on December 8, 1994. The trial court initially concluded that mother's increase in income constituted a substantial change of economic circumstances and, consequently, decided to modify father's child support obligation. The trial court then used new income figures for both parties and recalculated father's support obligation under the standard support guidelines, OAR 137-50-330. After the recalculation, however, father's child support obligation actually increased to more than $427 per month, because his income had also increased from the time of the original dissolution judgment. When that result became apparent, mother agreed to continue with the $412 of

child support that father was originally required to pay under the dissolution judgment. The trial court orally determined that father's child support obligation should remain the same, and it denied father's motion and mother's counter-motion to amend the dissolution judgment.

However, on December 15, 1994, before the entry of a final judgment denying the motions, the trial court, on its own initiative, sent a letter to father and mother stating that it was "troubled" by its child support determination. In the letter, the trial court requested additional argument on the matter on January 12, 1995. After that hearing, the trial court issued a judgment denying mother's motion to modify the dissolution judgment but granting father's motion. That judgment, from which mother now appeals, provides:

> "A.   It is in the best interests of the children that the current custody/visitation schedule continue.
>
> "B.   [Mother] has the minor children 60 percent of the overnights, and [father] has the minor children 40 percent of the overnights.
>
> "C.   [Mother's] gross monthly income is $2,545, and [father's] gross monthly income is $2,248.
>
> "D.   [Mother's] income has increased 32 percent since the entry of the Judgment of Dissolution *and that constitutes a substantial change in circumstances warranting modification of the child support obligation* awarded in the Judgment of Dissolution." (Emphasis supplied.)

The judgment reduced father's child support obligation to $97.33 per month. The support computation worksheet attached to the judgment shows that the trial court recalculated father's child support under the shared custody guidelines, OAR 137-50-450.

■        Mother argues that it was improper for the trial court to recalculate husband's child support obligation under the shared custody guidelines. She argues:

> "The trial court erred in setting child support under the shared custody guidelines where Father claimed he was mistaken at the time of the divorce as to the actual time he had physical custody of the children, and where Mother relied on Father's promise to pay a specific amount of child

support if she agreed to allow Father a certain visitation schedule."

We agree with mother that, under the circumstances of this case, the trial court could not properly modify father's child support obligation based solely on the amount of time that he has custody of the children. As noted above, father's child support obligation in the settlement agreement was based on the understanding that he would have custody of the children for 35 percent or more of the time, but that that fact would not affect the calculation of child support. Father specifically agreed that he would not seek a modification of child support based on increased visitation. The trial court ratified the agreement and incorporated it by reference in the dissolution judgment. If father believed that the dissolution judgment was in error on that issue, he could have moved for relief from the judgment. *See* ORCP 71 B (allowing motion for relief from judgment on grounds of "mistake, inadvertence, excusable neglect, newly discovered evidence, etc."). He did not do so. Moreover, because the judgment expressly contemplated that husband's visitation might increase in the future, it cannot be said that the slight increase in visitation here could constitute an unanticipated or substantial change of economic circumstances.[1] *See MacIvor and MacIvor*, 122 Or App 207, 857 P2d 198 (1993) (change in economic circumstances must be of a kind not contemplated by the dissolution judgment). Therefore, under these circumstances, the trial court could not have properly modified father's child support obligation based only on the increase in visitation.

■■ Father argues, however, that even if the amount of his visitation was not a proper basis on which to modify support, the trial court still retained authority to modify his child support obligation based on other changes in circumstances. We agree. Here, the trial court's findings specifically identify the increase in mother's income of 32 percent as a substantial change in economic circumstances warranting the modification. That is a proper basis on which to modify child support

---

[1] We do not mean to imply that the agreement here would preclude the court from modifying child support based on increased visitation under *all* circumstances. There may be circumstances where the enforcement of such an agreement could be contrary to public policy. *See Wood and Wood*, 106 Or App 192, 806 P2d 722 (1991).

here, and mother does not challenge the trial court's findings pertaining to her increase in income or its conclusion that that increase constituted a substantial change of economic circumstances.

The question that remains is whether it was proper for the trial court, after concluding that mother's increase in income constituted a substantial change of economic circumstances, to recalculate father's child support obligation under the shared custody child support guidelines. Mother argues that the parties' settlement agreement precludes the court from recalculating father's obligation under the shared custody guidelines even though it determined that support should be modified based on a change in circumstances other than visitation.

■ We do not agree that the trial court is precluded from applying the shared custody guidelines. The pertinent statutes require that the court always begin its calculation of child support or *modification* of such support by reference to the guidelines. ORS 25.280 provides, in part:

> "In any judicial or administrative proceeding for the establishment or *modification* of a child support obligation under ORS chapters 107 * * * the amount of support determined by the formula established pursuant to [the child support guidelines] shall be presumed to be the correct amount of the obligation." (Emphasis supplied.)

A proper application of the guidelines requires the trial court to determine whether the shared physical custody rule applies, and if so, to apply it. OAR 137-50-330(1)(h). The trial court determined that the shared physical custody rule applied and, applying that rule, calculated father's support obligation at $97.33 per month.

■ Mother argues, however, that even if the trial court's application of the shared custody guidelines produced the presumptively correct amount of child support, the trial court erred in failing to then consider whether that amount was "unjust" or "inappropriate." She contends that the presumption that the amount calculated under the guidelines is correct was rebutted by father's agreement that was incorporated in the judgment. Mother specifically relies on OAR 137-50-330(2)(a)(M), which provides:

"(2)(a)   The amount of child support to be paid as determined [under the guidelines] is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon the criteria set forth in paragraphs (A) through (P) of this subsection.

"* * * * *

"(M)   Prior findings in a Judgment, Order, Decree or Settlement Agreement that the existing support award was made in consideration of other property, debt or financial awards."

Mother is, of course, correct that the child support award calculated under the guidelines may be rebutted if the court finds that it is "unjust" or "inappropriate." ORS 25.280, OAR 137-50-330(2)(a). The more difficult questions are whether the presumptive support amount may be rebutted by a settlement agreement and whether it was rebutted here. In *Petersen and Petersen*, 132 Or App 190, 888 P2d 23 (1994), we considered a similar issue. In that case, the father argued that the trial court was without authority to find that the presumptive amount of child support was "unjust" or "inappropriate" based solely on a settlement agreement, which was incorporated in the dissolution judgment, that provided for higher support payments than the presumptive amount that could be awarded under the guidelines. The father contended that the presumptive amount under the guidelines could not be rebutted by the parties' agreement, because such an agreement was not included as an appropriate consideration under either the statute, ORS 25.280, or the rule, OAR 137-50-330 and that the court lacked authority to consider any factors not included in the statute.

■       We concluded in *Petersen* that the presumptive child support award could be rebutted by the settlement agreement even though such an agreement was not specifically included in the factors enumerated in the statute.[2] We reasoned that the statutory criteria were not exclusive, nor were

---

[2] At the time of our decision in *Petersen*, the pertinent rule, OAR 137-50-330(2)(a), did not list a settlement agreement as an appropriate criterion for rebutting the presumptive amount of support. As noted above, however, subsection (M) of the rule now includes a reference to settlement agreements.

they necessarily determinative. The court is only required to *consider* those factors. As we later explained in *Grile and Grile*, 138 Or App 630, 909 P2d 1248 (1996), we did not hold in *Petersen* that the court is required to accept the parties' stipulation as to child support in a settlement agreement; we held only that it is a permissible basis on which the court may conclude that the presumptive amount of child support has been rebutted.

The difficulty here is that we are unable to determine from the judgment whether the trial court concluded that it was obligated to award the presumptive amount of support as calculated under the guidelines and could not consider the agreement, or whether it considered the parties' agreement and decided that the agreement did not rebut the presumptive amount. The judgment finds that father has visitation for 40 percent of the time and then calculates the amount of support under the shared custody guidelines. Despite mother's assertion to the court that support must be calculated under the standard guidelines because of the parties' agreement, the judgment includes no findings or conclusions regarding the impact of the parties' agreement. Accordingly, we remand the case to the trial court for reconsideration of that question.

We have also considered mother's assignment of error regarding modification of the joint custody agreement and affirm as to it without discussion.

Reversed and remanded for reconsideration; no costs to either party.