Argued and submitted February 12, reversed and remanded with instructions
October 22, 1997

## In the Matter of the Marriage of

### Ronald William WART,
*Respondent,*

*and*

### Gina Marie WART,
### nka Gina Marie Rackley,
*Appellant.*

### (CV 90-0220; CA A92658)

949 P2d 1233

Robert Norman Ehmann argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

**DEITS, C. J.**

Mother appeals from a judgment modifying a child support award. She argues that the trial court erred by not calculating the amount of child support using the Uniform Child Support Guidelines (guidelines), ORS 25.270 to ORS 25.285; OAR 137-50-320 to OAR 137-50-490. She also contends that the trial court erred in including a condition in the judgment that the child support award may be reduced when the children's orthodontic expenses have decreased. On *de novo* review, we reverse and remand for recalculation of child support under the guidelines.

The custody of the parties' children and the amount of child support have been the subject of several stipulated agreements resulting in judgments incorporating those agreements. A judgment, dated October 26, 1994, incorporated the parties' agreement that mother would have custody of the parties' two children and that father would pay child support of $125 per month per child. The agreement also provided that each party was to pay one half of the children's medical expenses that are not covered by insurance or otherwise reimbursed. The parties also agreed not to change the child custody and support arrangement for seven years from the date that the court approved their agreement. The court approved those portions of their agreement and incorporated them into the judgment.

In June 1995, mother sought a modification of the October 26 judgment. She requested several changes in the visitation schedule. In addition, she asked that father be required to pay one half of the cost of orthodontic work for both children. She also requested that the child support award be modified, asserting that child support must be recalculated to be consistent with the guidelines.

During the hearing on the modification, mother testified that the parties' son had developed a bed wetting problem for which medical attention was necessary. She also said that their daughter was in need of substantial orthodontic work. She testified that she was paying $125 per month for orthodontic expenses for her daughter, including payment on a bill to have some teeth pulled, and that additional work for her daughter and possibly her son would result in a continuation of that amount for some time. Mother also testified that

both children were engaged in extracurricular activities that involved expenses that had not been anticipated when the earlier judgment was entered and that her child care expenses had increased to about $100 per month for child care as a result of changes in her work schedule. Father testified that he was willing to pay $100 towards the children's orthodontic work.

Following the hearing, the trial court first explained that it did not believe that the parties' agreement that neither party seek changes in child support or custody for seven years was enforceable because the court was obligated to act in the best interests of the children. The court then concluded:

> "In any event, I believe there has been a change of circumstances as it relates to these two children and their medical needs. And I believe that it would be appropriate to require some additional payment. With regards to the so-called guidelines, and I have a real question if anybody has ever looked at the 10th Amendment of the United States Constitution, and I really don't know what the United States government is doing in a divorce court, but if anybody wants to make something out of that some day on appeal, so be it. But as I remember, the 10th Amendment has something to say about the powers granted to and reserved. But all right.

> "Now, I'm finding that from the evidence that there are mitigating circumstances as it relates to [father].

> "* * * * *

> "[T]here are mitigating circumstances vis-a-vis [father's] current and future ability to earn and to pay; that his ability I think needs to be considered in anything the court does with regards to increasing payments as it relates to the change of circumstances as to the children's medical needs[.]

> "So I am going to direct that [father] pay to [mother] an additional amount each month of $100, and that amount shall continue until, and I hate to make you come back to court, but in any event, until such time as there is no longer any need for that. Then there will need to be some kind of a showing that that isn't necessary any longer, at which time it could be reduced accordingly."

The trial court then entered a judgment in which it found a change of circumstances as to the orthodontic work and increased the amount of the child support award by $100 per month until "such time as [mother's] need for contribution for these expenses ceases to exist or decreases" at which time father would be allowed to petition the court for reduction or elimination of the additional $100 per month. In making its decision regarding child support, the trial court did not determine the presumptive amount of child support under the guidelines nor did it make any findings that the presumptive amount of support was unjust or inappropriate or provide any findings to justify the departure from the presumptive amount of support according to the guidelines as required by ORS 25.270 to ORS 25.285; OAR 137-50-320 to OAR 137-50-490.

On appeal, mother argues that the trial court erred by not recalculating the amount of child support under the guidelines. We agree. The trial court found that there had been a substantial change in circumstances.[1] Once a change in circumstances sufficient to warrant a modification of child support has been shown, the guidelines control the amount of the child support award. ORS 25.270 to ORS 25.285; OAR 137-50-330; *Rossi and Rossi*, 128 Or App 536, 545, 876 P2d 820 (1994); *Gay and Gay*, 108 Or App 121, 124, 814 P2d 543 (1991).

Under the guidelines, when the court sets child support, whether initially or in modification proceedings, the court must first determine the presumptive amount of support using the formula provided in ORS 25.270 to ORS 25.287 and OAR 137-50-330(1). ORS 107.105(1)(c); *Perlenfein and Perlenfein*, 316 Or 16, 24, 848 P2d 604 (1993). Mother presented evidence that the presumptive amount of child support is $452.44 under the guidelines. However, there is no evidence in the record that the trial court agreed with or accepted this amount as the presumptive amount under the guidelines.

The trial court awarded monthly child support of $350 for both children. The court stated that there were "mitigating circumstances" affecting father's ability to pay child

---

[1] That determination is not challenged on appeal.

support. It did not explain, however, specifically what those mitigating circumstances were or how they affected father's ability to pay. The trial court may depart from the presumptive amount of child support under the guidelines. However, in doing so, it must determine and recite the presumptive amount under the guidelines and then articulate why the amount it chooses to award varies from the presumptive amount. OAR 137-50-330(2)(b); ORS 25.280; *Larkin and Larkin*, 146 Or App 310, 314-15, 932 P2d 115 (1997). The court also must expressly state in its findings that it found the presumptive amount to be unjust or inappropriate. ORS 25.280; *Rossi*, 128 Or App at 545.

As discussed above, the trial court did not state what the presumptive amount was under OAR 137-50-330(1) nor did it state that the presumptive amount was unjust or inappropriate. Indeed, it appears that the trial court did not attempt to determine the presumptive amount using the guidelines. Similarly, in the judgment, the trial court made no written findings as to the presumptive amount of child support, whether the presumptive amount had been rebutted, or its reasons for varying from or ignoring the presumptive amount of child support as required by OAR 137-50-330(2)(b). Further, there is nothing in the record to indicate that the court considered the impact on the children that would occur as a result of departing from the guidelines. *See Glithero and Glithero*, 146 Or App 398, 403, 934 P2d 492 (1997), *rev'd* 326 Or 259, 951 P2d 682 (1998). There is simply not an adequate basis for us to conduct a meaningful review of the court's decision. *Larkin*, 146 Or App at 314. Accordingly, we remand the case to the trial court for recalculation of child support using the criteria and procedures mandated by OAR 137-50-330. *Mock and Sceva*, 143 Or App 362, 370, 923 P2d 1310 (1996).[2]

Reversed and remanded for recalculation of child support under the guidelines. Costs to mother.

---

[2] Our disposition of mother's first assignment of error makes it unnecessary to address her argument that the trial court erred in making the child support award contingent on her continued responsibility for paying for the children's orthodontic work.